**Carl VARNEY, Plaintiff,**

v.

**JOHNS–MANVILLE CORP., et al., Defendants.**

**No. C–86–1830 SAW.**

United States District Court, N.D. California.

Feb. 13, 1987.

Francis X. Driscoll, Walnut Creek, Cal., George W. Kilbourne, Martinez, Cal., for plaintiff.

George Cumming, Brobeck, Phleger & Harrison, San Francisco, Cal., Mark Arruti, Lea, Balavage & Arruti, Sacramento, Cal., William Schofield, Crosby, Heafey, Roach & May, Oakland, Cal., Capps, Staples, Ward, Hastings & Dodson, Walnut Creek, Cal., William Connell, Gobson, Dunn & Crutcher, San Jose, Cal., for defendants.

ORDER GRANTING MOTION TO REMAND CASE TO STATE COURT

WEIGEL, District Judge.

The Court has considered the briefs, arguments of counsel, and the entire record.

Plaintiff Carl Varney, a citizen of California, originally filed this action on July 20, 1981 in the Superior Court of Alameda County. He named as defendants various asbestos companies and welding companies. Varney complains of health problems caused by exposure to asbestos and welding fumes.

On April 9, 1986, defendant Westinghouse Electric Corp. learned that Western MacArthur Company, the sole remaining California defendant, had been dismissed from the case by plaintiff, creating complete diversity of citizenship. The next day, Westinghouse filed a petition for removal, based on diversity jurisdiction, and served it on those defendants it believed remained in the case. The defendants that were served joined the removal petition in a timely fashion.

Westinghouse did not serve the petition on defendants Pittsburgh Corning or Armstrong World Industries because it incorrectly believed that they had settled with plaintiff. Pittsburgh Corning and Armstrong World Industries did not learn of Western MacArthur's dismissal, or of the removal, until they were served with plaintiff's motion to remand on July 24, 1986. Within thirty days of this service, but more than thirty days after Westinghouse learned of the basis for removal or filed its petition, Pittsburgh Corning and Armstrong World Industries filed a petition for removal and a joinder in the earlier petition for removal.

Plaintiff moves that this court remand the case to the state court on the ground that some defendants did not petition to remove the case in a timely manner.[1]

This case falls within the second paragraph of 28 U.S.C. § 1446(b) (1982), which requires a defendant to file a petition to remove within thirty days of first receiving notice that the case is removable. The statute does not deal explicitly with multiple defendants who receive the information indicating removability at different times. The question to be decided here is when the thirty-day period began to run for Pittsburgh Corning and Armstrong World Industries.

This court holds that the thirty-day period began when defendant Westinghouse received notice that the case had become removable. This ruling is consistent with the requirement that the statute be strictly interpreted against permitting removal. *Shamrock Oil & Gas v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062 (9th Cir.1979).

Defendants suggest two alternative interpretations, each of which support removal. The first interpretation is that the petition must be filed within thirty days of the time that the first defendant receives the information, and defendants who receive notice after that thirty-day period can be ignored. *See Adams v. Lederle Laboratories,* 569 F.Supp. 234, 246 (W.D.Mo.1983). This interpretation is not satisfactory because it may have the consequence of forcing defendants who did not have notice to defend the case in federal court or of forcing the case to be tried in both federal and state courts by splitting it between removing and nonremoving parties.

The second interpretation suggested is that each defendant may file within thirty days of receipt of information of removability. *See id.* This interpretation is unnecessarily broad because in most cases, including the present one, a careful defendant can determine who the other defendants are and request that they join the petition to remove. Westinghouse neither made that determination nor request.[2] Moreover, if any defendant is permitted to petition for removal within thirty days after receipt of information of removability, the status of the case (state or federal) could remain unsettled for an indeterminate period.

Plaintiff also moves for costs incurred because of the improper removal. Such an award is discretionary. 14a Wright, Miller, and Cooper, Fed.Practice and Pro. § 3739 (1985). Defendants presented a plausible

---

1. Removal may not be had unless all defendants file or join in a petition for removal. *See Gableman v. Peoria, D & E Ry. Co.,* 179 U.S. 335, 21 S.Ct. 171, 45 L.Ed. 220 (1900); *Ely Valley Mines, Inc. v. Hartford Acc. and Indem. Co.,* 644 F.2d 1310 (9th Cir.1981).

2. In *Adams,* the first defendants petitioning for removal had no means of ascertaining which other defendants had been served with the complaint. *See id.* at 238.

argument and plaintiff helped create the problem by failing to notify all defendants of the dismissal of Western MacArthur Company. Therefore, the motion for costs will be denied.

Accordingly,

IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to remand the above-captioned case to the Superior Court of California, in and for the County of Alameda, is granted;

2. Plaintiff's motion for costs and disbursements, including attorneys' fees, is denied.