713 F.Supp. 185 (1989)
Ronald McKINNEY, Jean Johnson, Juanita Blake, Pat Phillips, Eugene W. Morgan, Ralph Rice, and Barbara McKinney, Plaintiffs,
v.
The BOARD OF TRUSTEES OF MAYLAND COMMUNITY COLLEGE, Virginia Foxx, in her official and individual capacity, Richard L. Muri, in his official and individual capacity, Evelyn B. Dobbin, in her official and individual capacity, Frank H. Fox, in his official and individual capacity, Hal G. Harrison, in his official and individual capacity, Fred O. Hughes, in his official and individual capacity, Ted M. McKinney, in his official and individual capacity, J. Ardell Sink, in his official and individual capacity, Bill J. Slagle, in his official and individual capacity, Saxton Hall Smith, in his official and individual capacity, Barbara Timberman, in her official and individual capacity, J. Todd Bailey, in his official and individual capacity, Defendants.
No. A-C-88-133.
United States District Court, W.D. North Carolina, Asheville Division.
April 21, 1989.
*186 Margaret Errington & John W. Gresham, Ferguson, Stein, Watt, Wallas, & Adkins, Charlotte, N.C., for plaintiffs.
Michelle Rippon & Philip J. Smith, Van Winkle, Buck, Wall, Starnes & Davis, Asheville, N.C., for defendants.

OPINION AND ORDER
RICHARD L. VOORHEES, District Judge.
THIS MATTER is before the Court on Defendants' Motion for Joinder Of A Necessary Party and Motion to Compel and Plaintiffs' Motion to Remand. The parties have submitted their contentions and the Court now enters its decision on these motions.
Plaintiffs allege the following: They are Democrats who were formerly employees of Mayland Community College in Yancey County, North Carolina. In February 1987, defendant Virginia Foxx, a Republican, took office as President of Mayland. In April 1987, Foxx discharged eleven employees, including the seven plaintiffs here. The seven sought review of their discharges by the Board of Trustees, also Republican-controlled, but the discharges were upheld. Plaintiffs then sued in Yancey County Superior Court. They contend that their discharges were "either because of Plaintiffs' political affiliation, personal malice, or for statements made on matters of public concern." Plaintiffs' Motion To Remand at 3.[1]
On May 25, 1988, defendants removed the case to this Court. Plaintiffs subsequently moved for a remand to state court, on the grounds that defendants had not satisfied the procedural requirements of 28 U.S.C. 1446, and that thus the case had not been properly removed. Thorny questions of statutory interpretation, which appear to be new to this district and to this circuit, are raised thereby.

I. SECTION 1446
28 U.S.C. 1446(b), paragraph 1, the main bone of contention in this case, states as follows:
The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy *187 of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
If there is only one defendant, this is fairly straightforward: Defendant has thirty days from the time he first officially is notified of the lawsuit to decide to remove to federal court. But difficult problems arise when there is more than one defendant.
1446(b) uses the word, "defendant", singular; but 1441(a), the general removal statute, states that:
Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
(Emphasis added.) This has been taken to establish that unanimity among multiple defendants is required in all removal situations. Gableman v. Peoria, D. & E.R. Co., 179 U.S. 335, 21 S.Ct. 171, 45 L.Ed. 220 (1900). It does not specifically address the possibility that not all defendants will necessarily be served notice at the same time, and therefore not all will necessarily petition the court simultaneously. Thus it has been left to the courts to decide how to apply Section 1446 in such circumstances.
One possibility is that A, the initial defendant, fails to remove within the thirty-day period. Later on B is served with notice and wishes to remove: he cannot. "If the defendant who was served first fails to remove within thirty days, a subsequently served defendant may not remove even with the first defendant's consent." Quick Erectors, Inc. v. Seattle Bronze Corp., 524 F.Supp. 351, 354 (E.D.Mo.1981) (emphasis added). The reason for this is that the intent of 1446 is "to provide a uniform and definite time for a defendant to remove an action," Haun v. Retail Credit Co., 420 F.Supp. 859, 863 (W.D.Pa.1976). Plaintiff is entitled to know, within a reasonable period, whether he is to be in state or federal court; when the initial defendant fails to petition for removal within the allotted thirty days, he cannot change his mind later on[2].
But when A does petition for removal within the thirty days, and B is served after the period is over, an exactly opposite situation exists. Section 1448 provides:
In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.
This section shall not deprive any defendant upon whom process is served after removal of his right to move to remand the case.
(Emphasis added.) In short, once all defendants who are in the case during the thirty-day period (defendant A, in our example) have decided to remove, and the period has expired, removal is complete and federal jurisdiction is perfected. The presumption then is that the case will continue on in the federal court, and this presumption will not be disturbed by the later service of another defendant, unless he specifically requests remand. It is easy to see why this is the rule. If it were otherwise, plaintiffs could frustrate removal in multi-defendant cases by simply delaying service *188 on one of the defendants. (It has been suggested that no prejudice occurs to the defendants when only some, but not all, of them are served; but as will be seen, I believe this view is unrealistic.)
The situation where the courts are in disagreement as to the correct rule is as follows: A is served, and petitions for removal within the thirty-day period. B, also a named defendant, is served later, but within the thirty days. The issue is whether B has thirty days from the time he himself is served to join the removal petition, or must join within thirty days of A's service.
Most of the courts that have considered this question seem to have held that B is bound by the date of A's service. "This court holds that the thirty-day period began when [the first defendant] received notice that the case had become removable." Varney v. Johns-Manville Corp., 653 F.Supp. 839, 840 (N.D.Cal.1987). "[T]he statutory period begins to run as to all defendants when the first defendant is served." Godman v. Sears, Roebuck & Co., 588 F.Supp. 121 (E.D.Mich.1984). "It is clear that the thirty-day time period for filing a petition for removal commenced as to all defendants ... when [the first defendant] was served." Schmidt v. Nat'l Organization for Women, 562 F.Supp. 210, 212-13 (N.D.Fla.1983). The Fifth Circuit, the only one that has considered the matter, agrees. "In cases involving multiple defendants, the thirty-day period begins to run as soon as the first defendant is served (provided the case is then removable)." Getty Oil, Div. of Texaco v. Ins. Co. of North Am., 841 F.2d 1254, 1262-63 (5th Cir.1988).
There is contrary authority, however. In Clyde v. Nat'l Data Corp., 609 F.Supp. 216 (D.C.Ga.1985), the case was remanded because "the consent of defendant Todd was not conveyed to the Court in any manner within thirty days of service upon him," Id. at 218 (emphasis added) (clearly implying that had defendant joined the removal petition within thirty days of being served, the case would have remained in federal court). "... [A]ll properly joined defendants ... must join in the petition for removal ... And each must file for removal within thirty days from the date on which that particular defendant was served." Quick Erectors, Inc. v. Seattle Bronze Corp., 524 F.Supp. 351, 354 (E.D.Mo.1981) (emphasis added).
It should be noted that there appears to be no case from any of the district courts of the Fourth Circuit addressing the point, notwithstanding that the parties have cited several. McKinney v. Rodney C. Hunt Co., 464 F.Supp. 59 (W.D.N.C.1978) was decided on the basis that one of the defendants had never joined the removal petition; the question of when joinder would have been timely was not reached. Mason v. International Business Machines, Inc., 543 F.Supp. 444 (M.D.N.C.1982) dealt with defendants who had been served on the same day, one of whom admittedly did not join in the removal petition within thirty days; the court clearly gave no thought to the consequences of having defendants served on different days, since the facts did not raise it. And Hubbard v. Union Oil Co. of Calif., 601 F.Supp. 790 (S.D.Va. 1985), dealt with a situation where no removal petition was filed within thirty days after the first defendant was served. Thus this is an issue of first impression.
The Court believes that what is admittedly the minority view, that later-served defendants have thirty days from the time they themselves are served to join in a removal petition, is the correct one. It should be noted that there is nothing in the plain language of the statute that compels the majority view. 1441(b) sets the period as "within thirty days of the receipt by the defendant ... of a copy of the initial pleading ... or within thirty days after the service of summons upon the defendant ..." If anything, the use of the word "defendant", singular, seems to refer to notice to the individual defendant, not defendants collectively, nor to whichever one happens to be served first. And Congress was quite capable of using the plural when that is what it meant, as it did in 1441(a)'s reference to "the defendant or defendants". It is as if 1441(b) read, by elipsis, "... receipt by the defendant in question *189 ...". It would be awkward, and stretching things, to read in "... receipt by the defendant first served ...".
The majority view goes against what is quite clearly the underlying intent of the statutes governing the removal procedure. The idea was to create a method that would be fair to both plaintiffs and defendants alike. Fairness to defendants required that they be given a workable mechanism to get their cases into federal court when having a right to defend there. Fairness to plaintiffs required that they be permitted to learn in which court they were to pursue their claim within a finite period of time. Clearly it was the sense of Congress that a period of thirty days satisfied both objectives. But under the view urged by plaintiffs here, the rights of defendants generally could be rather easily overcome by tactical maneuvering by plaintiffs. Suppose, for example, plaintiff serves defendant A, thus starting the thirty-day period running, and then maneuvers to serve defendant B late on the thirtieth day. Obviously B is unlikely to rush to the courthouse before it closes to file his joinder of A's removal petition; he is unlikely to even realize what is happening to him before it is too late. (There is nothing on the summons form such a defendant would receive  which of course would be a summons to state, not federal, court  that would tell him the rules for removal to federal court, or warn him that he might have much less than thirty days to join in a removal petition.) This cannot be what Congress had in mind. Congress created the removal process to protect defendants. It did not extend such protection with one hand, and with the other give plaintiffs a bag of tricks to overcome it. This is also made clear by Section 1448, which in the case of our hypothetical example, would provide that plaintiff loses his right to object to federal jurisdiction when he fails to serve B within the thirty-day period after A's removal petition. Congress could hardly have meant for there to be such a drastic difference in a defendant's rights, depending on whether plaintiff chooses to serve him on the thirtieth or the thirty-first day after the first defendant is served.
It seems to be the sense of some of the majority-view cases that it really does not matter whether all defendants are served or not. (Of course, Congress did not think so, as is made clear by Section 1448.) "The ... interpretation suggested [by defendant] is that each defendant may file within thirty days of receipt of information of removability ... This interpretation is unnecessarily broad because in most cases, including the present one, a careful defendant can determine who the other defendants are and request that they join the petition to remove." Varney v. Johns-Manville, supra, at 840. This view strikes me as both unfair and unrealistic. Any practicing lawyer who has ever tried to obtain service on a slippery defendant knows that it is not always easy to make contact with all the parties to a lawsuit, be he "careful" or otherwise. Nor will the other defendants necessarily heed one's request to join a removal petition until they are themselves served. They might well believe that they need do nothing until served with process  and in almost any other context, they would be right.
The effect of the majority view is to place on defendants a burden that rightfully belongs on plaintiffs. The plaintiff is master of his complaint. It is his job to see to it that the correct parties are named as defendants, and that they are served with process. Failure to do so, or delay in doing it, should redound to his prejudice, not that of any of the defendants.
One justification offered for the majority rule is that it shortens the time during which it is uncertain where the litigation will be conducted. Giving each defendant thirty days from the time he is served is said to be unfair to the plaintiff. This ignores the fact that any unfairness to the plaintiff under the rule this Court adopts is of his own creation. If plaintiff names the correct defendants (as he would be required to do in federal court, per Fed.R.Civ. P. 10(a), "the title of the action shall include the names of all the parties," and is required to do under most state-court rules), and serves all of them with process (as he would be required to do in federal *190 court, per Fed.R.Civ.P. 4, and is also required to do under most state-court rules), he will force them to remove within thirty days or not at all. It is only when plaintiff fails to do something that he is supposed to do and expected to do (and can do if he is "careful") that he loses anything.
Of course, statutes cannot be read against Congress' clear intent just because this Court, or anyone else, thinks the preferred reading makes for better policy. But it is reasonable to assume that Congress intended an equitable system rather than a capricious one; and as the analysis, supra, shows, the statutory language is in accord with, rather than contrary to, the fairer interpretation.
In view of the foregoing, the Court rules that under Section 1446(b), individual defendants have thirty days from the time they are served with process or with a complaint to join in an otherwise valid removal petition. This ruling makes it unnecessary to address defendants' argument that this Court should adopt the "exceptional circumstances" test the Fifth Circuit laid out in Getty Oil, supra, or to consider whether the particular facts of this case (regarding the difficulty the removing defendants had in determining which other defendants had been served) would constitute such circumstances.

II. VALIDITY OF THE PETITION
Plaintiffs contended at oral argument that the removal petition was invalid because the Summons of one of the defendants attached to it was signed by a different member of the Avery County sheriff's department than was the original. It appears that Defendants could not obtain the original because it was in the possession of Plaintiff's attorney. It is quite clear from the facts that Defendants complied with Section 1446(a)'s requirements to file copies of "all process, pleadings and orders" to the best of their abilities. Plaintiffs will not be heard to claim otherwise when their own conduct contributed to the cited technical shortcoming.

III. JOINDER OF TRUSTEE YOUNG
Defendants claim that Billy Joe Young, who was a member of the Board of Trustees when plaintiffs were discharged, is a necessary party and must be joined as a defendant. Plaintiffs evidently have not sued him because he is a Democrat and did not support the decision to fire them. Defendants cite no case law supporting the forced joinder of such a party. There is no reason that this Court can see to force plaintiffs to sue someone whom they do not believe has done them wrong. For absence of any authority for such a result, defendants' Motion for Joinder of a Necessary Party will be DENIED.

IV. MOTION TO COMPEL
The defendants served plaintiffs with interrogatories and a request for production of documents. Plaintiffs did not respond, evidently in the hope that the case would be remanded to state court. Now that the decision has been made that this lawsuit will remain in this Court, it is appropriate that discovery go forward. Accordingly, defendants' Motion is GRANTED, as to the specifics listed therein.

V. CONCLUSION
For the reasons explained in Parts I and II of this opinion, plaintiff's Motion to Remand is DENIED.
SO ORDERED.
NOTES
[1] Although the removal petition does not point to a specific statute or constitutional provision which is alleged to have been violated, it seems sufficiently clear that plaintiffs' complaint implicates first amendment considerations; thus, an adequate basis to find federal jurisdiction is present.
[2] This rule has been criticized on the grounds that it is unfair to deprive the second defendant of the opportunity, which he would have had had he been notified before the removal period expired, to persuade the first defendant to join him in a removal petition. See Balestrieri v. Bell Asbestos Mines, Ltd., 544 F.Supp. 528 (E.D. Pa.1982). Evidently this is thought a less important consideration than that of resolving the question of which court is to hear the case relatively quickly.