Shannon L. FORD, Plaintiff,

v.

NEW UNITED MOTORS MANUFAC-
TURING, INC., et al., Defendants.

No. C 93–3420 SBA.

United States District Court,
N.D. California.

June 17, 1994.

Jacqueline A. Ortega, Leslie Frann Levy, Law Offices of Leslie Frann Levy, Oakland, CA, for plaintiff Shannon L. Ford.

Fred H. Altshuler, Jeffrey B. Demain, Indira Talwani, Altshuler, Berzon, Nussbaum, Berzon & Rubin, San Francisco, CA, for defendant UAW Local 2244.

Robert T. Fries, Chun T. Wright, Steinhart & Falconer, San Francisco, CA, for defendants New United Motor Mfg. and Benny Rivera.

Robert L. Hendricks, pro se.

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

ARMSTRONG, District Judge.

Plaintiff Shannon L. Ford commenced the instant employment discrimination lawsuit in Alameda County Superior Court on June 8, 1993, against defendants New United Motor Manufacturing, Inc. ("NUMMI"), United Automobile, Aerospace and Agricultural Implement Workers of America, Local 2244 ("UAW"), Benjamin Rivera ("Rivera") and Robert Hendricks ("Hendricks"). On September 15, 1993, defendants removed the action to this Court on the ground that plaintiff's claims are preempted by section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. The parties are

presently before the Court on plaintiff's motion to remand. After having read the papers submitted and considered the arguments of counsel, the Court denies plaintiff's motion.

## BACKGROUND

Plaintiff is an employee of defendant NUMMI and a member of the UAW. On June 8, 1993, plaintiff filed an employment discrimination complaint in the Superior Court of California in Alameda County. Plaintiff subsequently filed an amended complaint on August 3, 1993. She then served the amended complaint on NUMMI on August 5, 1993, on the UAW on August 11, 1993, and on defendant Rivera on August 16, 1993.[1]

On September 15, 1993, defendant Rivera, joined by defendants NUMMI and UAW, removed the action to this Court.[2] The Notice of Removal filed by Rivera alleged that several of plaintiff's causes of action require an interpretation of the governing Collective Bargaining Agreement. (*See* Notice of Removal ¶ 6.) As such, Rivera maintains that these claims are preempted by the LMRA. (*Id.*)

Plaintiff now seeks to remand this case to state court on the ground that defendants' removal was untimely. Specifically, she contends that the thirty-day period for removal under 28 U.S.C. § 1446(b) commenced to run on August 5, 1993, the date she effected service on NUMMI. Under plaintiff's reasoning, the thirty-day period for removal expired on September 7, 1993. Since defendant Rivera did not file his notice of removal until September 15, 1993, plaintiff argues that the removal is procedurally defective. Thus, the issue for this Court is whether the thirty-day period for removal of a case involving multiple defendants is determined by the date on which service was effected on the first-served defendant. For the reasons set forth below, this Court concludes it does not.

## DISCUSSION

■ The federal removal statute, 28 U.S.C. § 1441, provides that a defendant may remove an action to federal court on the basis of federal question or diversity jurisdiction. 28 U.S.C. § 1446, which governs the procedures for removal, provides, in part, that:

> A *defendant or defendants* desiring to remove any civil action ... from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure....

28 U.S.C. § 1446(a) (1994). Subdivision (b) of section 1446 specifies the "notice of removal of a civil action or proceeding shall be filed within *thirty days* after the receipt by *the defendant*, through service or otherwise, of a copy of the initial pleading...." 28 U.S.C. § 1446(b) (1994) (emphasis added). When there is more than one defendant in the action, all defendants must unanimously agree to join in the removal. *Hewitt v. City of Stanton,* 798 F.2d 1230, 1232 (9th Cir. 1986).[3] This is commonly referred to as the unanimity requirement.

■ Failure to comply with the thirty-day time limitation or the unanimity requirement renders the removal procedurally defective. *See Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1192 n. 1 (9th Cir.1988). Procedural defects in removal, however, are not jurisdictional. Rather, such defects are modal or formal and may be waived. *See Barnes v. Westinghouse Elec. Corp.,* 962 F.2d 513, 516 (5th Cir.), *reh'g denied,* 968 F.2d 18 (5th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct.

---

1. Plaintiff contends that Robert T. Fries, Rivera's attorney, accepted service on behalf of Rivera during a telephone conversation on Saturday, August 14, 1993. (Pl.'s Mot. at 8–9.) Fries explains, however, that he represented to plaintiff's counsel that he would accept service for Rivera *provided* that Rivera retained him as counsel. (Fries Decl. ¶ 2.) Rivera met with Fries on Monday, August 16, 1994, at which time he retained Fries as counsel and authorized Fries to accept service of process. (*Id.,* ¶ 3.) Fries then confirmed this matter in a letter to plaintiff's counsel on that same date. (*Id.* Ex. A.) Thus, the Court

finds that the operative date of service for defendant Rivera is August 16, 1993.

2. At the time of removal, defendant Hendricks had not yet been served.

3. In removals involving multiple defendants, not all defendants must actually file a Notice of Removal. All that is required is that each defendant file a document in which the defendant formally concurs with the removal. *Getty Oil v. Insurance Co. of N. Am.,* 841 F.2d 1254, 1262 n. 11 (5th Cir.1988).

600, 121 L.Ed.2d 536 (1992); *Hernandez v. Six Flags Magic Mountain, Inc.,* 688 F.Supp. 560, 562 (C.D.Cal.1988).[4]

By its express terms, section 1446(b) does not address the time period for removal in actions involving staggered service of multiple defendants. Although the Ninth Circuit has yet to reach this issue, the majority of published decisions have found that in multi-defendant actions, the thirty-day time period for removal commences for all defendants when service is accomplished on the first-served defendant. Once that thirty-day window of time for removal lapses, all defendants are barred from removing the action. *E.g., Brown v. Demco,* 792 F.2d 478, 481 (5th Cir.1986); *Varney v. Johns–Manville Corp.,* 653 F.Supp. 839, 840 (N.D.Cal.1987); *Transport Indemnity Co. v. Financial Trust Co.,* 339 F.Supp. 405, 407 (C.D.Cal.1972); *see also,* 1A, J. Moore, B. Ringle, & J. Wicker, *Moore's Federal Practice* ¶ 0.168[3.–2–1], at 586–87 (2d ed. 1987).

Courts following the "first-served" rule generally cite the unanimity requirement as the basis for applying this rule. *Brown,* 792 F.2d at 481. The applicable reasoning is that "[i]f the thirty-day limitation for removal has passed as to the first-served defendant, such defendant cannot then consent to removal. The necessary unanimity for removal is, therefore, lacking." *D. Kirschner & Sons, Inc. v. Continental Casualty Co.,* 805 F.Supp. 479, 481 (E.D.Ky.1992). Other reasons often advanced for the first-served rule include the need to settle the forum for the lawsuit as early as possible and to prevent forum shopping by the defendant. *Brown,* 792 F.2d at 482.[5]

This Court disagrees that the thirty-day removal period under section 1446(b) commences for all defendants on the date plaintiff initially serves the complaint. Prelimi-

narily, there is nothing in the language or legislative history of section 1446(b) which supports the notion that the decision to remove rests exclusively with the first-served defendant. *See McKinney v. Board of Trustees of Maryland Community College,* 955 F.2d 924, 926 (4th Cir.1992). Section 1446(b) refers to removal by "the defendant," not "the first-served defendant." Indeed, the first paragraph of section 1446 speaks of removal by "[a] defendant *or* defendants." *See* 28 U.S.C. § 1446(a) (1994) (emphasis added). If Congress had intended the thirty-day removal period to commence in all cases upon service of the first defendant, it could have easily stated as such.

Second, the often-used "unanimity" rationale does not logically support the harsh rule advocated by plaintiff. As noted above, unanimity is simply the requirement that in actions involving multiple defendants, *all* defendants must consent to the removal. This requirement derives from the Supreme Court's decision in *Chicago, Rock Island, & Pac. Ry. Corp. v. Martin,* 178 U.S. 245, 248, 20 S.Ct. 854, 855, 44 L.Ed. 1055 (1900). In *Martin,* the Supreme Court explained that if all defendants did not join in a removal, the plaintiff would be forced to divide his or her suit into separate controversies. *Id.* "A defendant has no right to say that an action shall be several which a plaintiff elects to make joint." *Id.*

A rule which bars a defendant which has waived its right to *initiate* the removal from later *consenting* to a removal filed by another defendant, however, does not in any way detract from the purpose of nor contravene the unanimity requirement. In multi-defendant cases, any of the defendants can dictate that the action remain in state court by refusing to join in another defen-

4. The Judicial Improvement and Access to Justice Act of 1988 amended section 1447 to limit the amount of time a party may move to remand. As amended, section 1447(c) provides that a motion to remand premised on "any defect in removal procedure" must be filed within thirty days of the filing of the Notice of Removal. 28 U.S.C. § 1447 (1994).

5. The *Brown* court explained this principle as follows:

> To permit the defendants in this case to obtain removal after they have tested state-court waters for four years would have given them a second opportunity to forum shop and further delay the progress of the suit. The unfairness to the plaintiff outweighs the unfairness, if any, to the last-joined defendant. The forum for a suit ought to be settled at some time early in the litigation.
>
> *Brown,* 792 F.2d at 482.

dant's notice of removal. *See Robco of Am. v. Insurance Co. of N. Am.*, 845 F.Supp. 1112, 1114 (W.D.Pa.1994). "The rule of unanimity gives each defendant an absolute veto over removal." *Garside by Garside v. Osco Drug Co.*, 702 F.Supp. 19, 21 (D.Mass.1988). Thus, allowing each defendant its statutorily-allotted time to remove an action will not contravene this concern, as each defendant's absolute veto power exists regardless of when the removal period commences.[6]

Third, the interests of settling the forum early in the litigation and avoiding forum shopping by the defendants simply do not justify foreclosing subsequently-served defendants of their statutory right to remove an action. Generally, the basis for these concerns is the danger of prejudice to the plaintiff. *See Brown*, 792 F.2d at 482. This is not persuasive, given the control which plaintiff exerts over any possible prejudice associated with service. The decision to file suit, whom to sue, when to file suit, and when to serve the complaint are within the exclusive province of the plaintiff. "If plaintiffs want to know which court they will be in 'at the earliest possible date,' they need only make sure that all defendants are served at about the same time." *McKinney*, 955 F.2d at 927.[7]

Finally, the rule adopted by this Court will accomplish the objective of the statute while minimizing the prejudice to defendants. Further, such a rule will preclude plaintiffs from circumventing the rights afforded to defendants by deliberately manipulating the timing of service in an effort to secure a state forum. For example, if a plaintiff could choose to initiate service on the defendant least likely to remove an action. *See* Schwarzer, Tashima & Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial* § 2:907 (The Rutter Group 1993); *see also, McKinney*, 955 F.2d at 928. Under the first-served approach, inaction by a defendant initially served with a complaint within thirty days of service will foreclose a subsequently-served defendant from effecting a removal and effectively insure that the case will remain in state court. *Id.* Since the removal procedure is intended to be fair to both plaintiffs and defendants, *McKinney*, 955 F.2d at 927, the prospect of a defendant not having any opportunity to remove an action for reasons completely beyond its control is unjust.

### CONCLUSION

■ Section 1446(b) provides each defendant in a multi-defendant case with thirty days within which to file a notice of removal. While a defendant which fails to *initiate* a removal within thirty days of service may have waived *its* right to do so, there is no compelling reason for precluding it from join-

---

**6.** The mere fact that the first-served defendant does not initiate a removal should not be automatically construed as an intent to avoid federal jurisdiction. It is conceivable, for example, that the first-served defendant may decline to effect a removal because of an inadvertent miscalculation of the applicable thirty-day removal period. In that instance, the express terms of section 1446(b) would preclude that defendant from *initiating* a removal. There is no reason, however, why this defendant should not be allowed to *consent* to being in federal court by filing a joinder in another defendant's notice of removal. If the first-served defendant failed to remove because of a desire to remain in a state forum, it can simply decline to join in the removal. Given the spirit and ostensible purpose of the statute, the subsequently-served defendant should be given the opportunity to explore this possibility with the previously-served defendant.

**7.** It is noteworthy that the 1988 amendments imposed new limitations on the timing of removals. Section 1446(b) now provides that a diversity action may not be removed more than one year after the action is commenced. This change further minimizes the chance that a case will be removed after the parties have already extensively litigated the action in state court. Moreover, the amendment provides further evidence that Congress envisioned that later-served defendants should have the right to remove actions to federal court, notwithstanding the inaction of the first-served defendant. Indeed, the first-served rule would, in effect, render this amendment superfluous.

The Court also notes that the recent amendments rendering Rule 11 applicable to removals further supports this Court's conclusion that the first-served rule is untenable. If each defendant initiating or joining in a removal is now subject to Rule 11 sanctions, it follows that each should be allowed its statutorily-allotted thirty-day time period to assess whether removal is appropriate. Any other interpretation of section 1446 would be at odds with this amendment and would place within the exclusive control of the plaintiff, the amount of time, if any, subsequently-served defendants would have to comply with their Rule 11 obligations.

ing in or consenting to another defendant's removal. In the present case, defendant Rivera filed his notice of removal on September 15, 1993, which is within thirty days of the date he was served. The fact that NUMMI, the first-served defendant, failed to remove the action within thirty days of service does not render the removal procedurally defective. Accordingly,

IT IS HEREBY ORDERED THAT:

(1) Plaintiff's Motion to Remand and Request for Attorneys' Fees and Costs is DENIED.

(2) The parties shall comply with the following deadlines pursuant to General No. 34:

(a) The last day to complete the required disclosures is **July 6, 1994.**

(b) The last day to complete the meet and confer re: Case Management is **July 20, 1994.**

(c) The last day to file the Joint Case Management Statement is **July 27, 1994.**

(d) The Case Management Conference in the above-captioned matter shall take place on **August 10, 1994,** at 3:45 p.m., in Courtroom 2 of the United States Courthouse, 450 Golden Gate Avenue, 17th Floor, San Francisco, California, 94102.

IT IS SO ORDERED.