**McANALLY ENTERPRISES, INC., Plaintiff,**

v.

**Larry McANALLY and Does 1 through 50, Defendants.**

**No. EDCV99–420 RTMCX.**

United States District Court, C.D. California.

Aug. 7, 2000.

---

Karl N. Haws, William P. Tooke, Mundell, Odlum & Haws, LLP, San Bernardino, CA, for plaintiff McAnally Enterprises, Inc.

Anthony J. Ellrod, David J. Wilson, Manning & Marder, Kass, Ellrod & Ramirez, Los Angeles, CA, for plaintiff Patricia A. McAnally, as Trustee of the Living Trust of Larry L. McAnally.

Eric B. Rasmussen, Law Offices of Eric B. Rasmussen, Newport Beach, CA, for defendant Larry L. McAnally.

Bruce D. Varner, Stephan G. Saleson, Varner, Saleson & Dobler LLP, Riverside, CA, for cross-defendants Raye M. Lofgren, Carlton R. Lofgren and Nyle A. McAnally.

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND THE ACTION TO STATE COURT

TIMLIN, District Judge.

The Court, the Honorable Robert J. Timlin, has read and considered Plaintiff

McAnally Enterprises, Inc. ("Plaintiff")'s motion to remand,[1] Defendant Patricia A. McAnally ("Defendant")'s opposition to motion to remand,[2] and Plaintiff's reply papers. Based on such consideration, the Court concludes as follows:

## I.

### BACKGROUND

This complaint was originally filed in the Superior Court of the State of California in and for the County of San Bernardino ("state court") on February 27, 1998 against Larry McAnally ("McAnally") and Does 1 through 50 for breach of a promissory note (Case No. SCV 45680). Plaintiff is a California corporation. McAnally was a shareholder of Plaintiff, and he used his shares as collateral to obtain promissory notes from Plaintiff. On July 17, 1998, Plaintiff served McAnally with the summons and complaint.

On September 18, 1998, McAnally responded to Plaintiff's complaint by filing a demurrer and cross-complaint. The state court overruled McAnally's demurrer. On December 15, 1998, McAnally initiated a separate action in the same state court (Case No. SCV 53549), seeking to enjoin Plaintiff from selling his shares which served as collateral to the promissory notes. The state court consolidated these two cases upon stipulation of the parties.

On March 13, 1999, McAnally died. McAnally was a Michigan resident, and he was survived by Defendant, his wife. When he was alive, McAnally created a living trust, the Living Trust of Larry L. McAnally, dated July 6, 1998 ("Larry McAnally Trust") and transferred all of his shares in Plaintiff into the Trust. McAnally named Defendant and Jerome Lyons ("Lyons") as co-trustees of the trust.

Defendant is a Michigan resident. Lyons is allegedly a California resident. Plaintiff alleges that, after McAnally's death, McAnally's attorney stated that both co-trustees would be substituted for McAnally as successors-in-interest in the pending state cases. Plaintiff then substituted Defendant as co-trustee of the Larry McAnally Trust in place of Doe 1 defendant on November 24, 1999, and Lyons as co-trustee of the Larry McAnally Trust in place of Doe 2 defendant on November 30, 1999.

On December 3, 1999, Defendant removed the action to the United States District Court for the Central District of California—Eastern Division based on diversity jurisdiction pursuant to 28 U.S.C. § 1332, based on Defendant's Notice of Removal which she filed on that date. Plaintiff now seeks to remand the action, arguing both that Defendant's removal was untimely and that complete diversity does not exist because Lyons is a California resident. Defendant counters that removal was timely and that Lyons' presence in the suit does not destroy diversity because he was fraudulently joined.[3]

## II.

### ANALYSIS

■■■ A defendant may remove a civil case from state to federal court if it there is diversity or federal question jurisdiction. See 28 U.S.C. § 1441(a) & (b). However, a defendant must comply with the procedural requirements for removal pursuant to 28 U.S.C. § 1446(b) ("section 1446(b)"). As set forth in paragraph one of section 1446(b), a defendant must file a notice of removal of the action within thirty 30 days after receipt of a complaint which reveals the presence of a substantial federal ques-

---

1. Cross–Defendants Raye M. Lofgren, Carlton R. Lofgren and Nyle A. McAnally, named in a cross-complaint by Larry L. McAnally, join Plaintiff's motion to remand.

2. Although Jerome Lyons ("Lyons") is the other current defendant, only Patricia A. McAnally filed the opposition.

3. Plaintiff's objections to a portion of the declaration of Eric B. Rasmussen and to exhibit B to that declaration are sustained.

tion or the existence of diversity. *See* section 1446(b).[4] Furthermore, where there are multiple defendants, all defendants must join in the petition for removal; this proposition is referred to as the "unanimity rule." *See Chicago, Rock Island & Pacific Railway Co. v. Martin*, 178 U.S. 245, 248, 20 S.Ct. 854, 855, 44 L.Ed. 1055 (1900). Thus, any one defendant may prevent a case from being removed. If a defendant's removal notice fails to meet the procedural requirements of section 1446(b), such as timeliness or unanimity, a court may remand the action upon a plaintiff's timely motion. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on any basis other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)" . . . .); *see also Maniar v. Federal Deposit Ins. Corp.*, 979 F.2d 782, 785 (9th Cir.1992) (holding failure to remove timely is a procedural defect, rather than a jurisdictional defect).

■ Removal statutes are strictly construed against removal jurisdiction. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992). Thus, any doubt should be resolved in favor of remanding a case to state court. *See id.* Furthermore, "strict construction is especially warranted in diversity cases, where 'concerns of comity mandate that state courts be allowed to decide state cases unless the removal action falls squarely within the bounds Congress has created.' " *Hom v. Service Merchandise Co., Inc.*, 727 F.Supp. 1343, 1345 (N.D.Cal.1990), *quoting Phillips v. Allstate Ins. Co.*, 702 F.Supp. 1466, 1468 (C.D.Cal. 1989).

In the instant action, Plaintiff filed a motion to remand within thirty days after Defendant filed her notice of removal, and therefore, the Court will determine whether the removal was proper. Defendant filed her notice of removal based on diversity jurisdiction within thirty days after

she was served with the complaint substituting her as a defendant. However, the removal occurred almost one and a half years after the defendant McAnally was served. There was diversity of citizenship when the initial complaint was filed.

The basic question raised by this motion is whether McAnally's failure to file a notice of removal of this action within thirty days after he received the complaint precludes later added defendants from removing the action, or whether each defendant has thirty days after he or she is served with the complaint to file a notice of removal of the action. Courts are split on applying the thirty-day rule to cases with multi-defendants. The Ninth Circuit has not yet addressed the issue. The majority of courts have held that the thirty-day removal period begins to run for all defendants on the date the first defendant receives the initial complaint—the "first-served" rule. *See Olsen v. Foundation Health Plan, et al.*, 1999 WL 390842, at * 2 (N.D.Cal. June 11, 1999); *see, e.g. Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir.1986) (applying "first-served" rule); *Innovacom, Inc. v. Haynes, et. al.*, 1998 WL 164933 (N.D.Cal. March 17, 1998) (same); *Weimer v. City of Johnstown*, 931 F.Supp. 985 (N.D.N.Y.1996) (same); *Teitelbaum v. Soloski*, 843 F.Supp. 614 (C.D.Cal.1994) (same); *D. Kirschner & Sons, Inc. v. Continental Casualty Co.*, 805 F.Supp. 479, 482 (E.D.Ky.1992) (same); *Transport Indemnity Co. v. Financial Trust Co.*, 339 F.Supp. 405 (C.D.Cal.1972) (same).

A minority of courts have allowed each defendant an opportunity to remove within thirty days from the day that defendant received the complaint—the "last-served" rule. *See Olsen*, 1999 WL 390842, at * 2; *see, e.g. Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir.1999) (applying "last-served" rule); *McKinney v. Board of Trustees*, 955 F.2d 924 (4th Cir.1992) (same); *Ford v. New*

---

4. Section 1446(b) provides, in pertinent part:
 The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through

service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . .

*United Motors Manufacturing,* 857 F.Supp. 707 (N.D.Cal.1994) (same); *Garside v. Osco Drug,* 702 F.Supp. 19 (D.Mass.1988) (same).[5]

## A. Majority First Served Rule

Courts applying the majority first served rule have relied primarily upon three reasons, as explained more fully below: 1) that it follows logically from the unanimity rule, 2) that forum selection should be resolved as early as possible, and 3) that removal statutes must be construed narrowly. The particular facts of a case have also influenced these courts. Thus, some courts have noted there might be special circumstances where it would be inequitable to apply this rule. *See, e.g. Brown,* 792 F.2d at 482 ("Exceptional circumstances might permit removal even when a later-joined defendant petitions more than precisely thirty days after the first defendant is served.").

■ Under the rule of unanimity, all defendants must join in a removal petition even though they have not received a copy of the complaint. *See Chicago, Rock Island & Pacific Railway Co.,* 178 U.S. at 248, 20 S.Ct. at 855. Some courts have held that the first-served defendant rule follows logically from the rule of unanimity. *See, e.g. Brown,* 792 F.2d at 482; *see also Teitelbaum,* 843 F.Supp. at 615 ("Because all defendants must join, the 30–day period for removal commences to run from the date the first defendant receives a copy of the complaint.") The Court in *Transport Indemnity Co.* explained that the "failure of a defendant to move for removal within the thirty-day period is equivalent to a decision not to remove" and, then, concluded that "such a decision is irrevocable. To hold otherwise would have the effect of extending the thirty-day limitation as applied to that defendant for an indefinite period...." *Transport Indemnity Co.,* 339 F.Supp. at 409. Other courts have described the failure of a defendant to remove a case within thirty days as a "waiver" of the right to remove, and thus that defendant is precluded from consenting to a later-served defendant's notice of removal. *See, e.g. Innovacom, Inc.,* 1998 WL 164933, at * 2 (holding the first-served defendant "effectively waived its right to remove by failing to comply with the removal statute's 30–day limit").[6]

■ Other courts have held that the unanimity rule would prevent removal in more narrow circumstances—when another defendant is served more than thirty days after the first defendant. Even the *McKinney* court, which applied the minority rule, noted that it would be a "different situation" if Defendant B was served more than thirty days after Defendant A. Under those circumstances, the court held that "the law is settled" and that once "A does not petition for removal within 30 days, the case may not be removed." *McKinney,* 955 F.2d at 926 n. 3.[7]

---

**5.** Two leading treatises are also divided over how to apply the thirty-day rule to multiple defendants. *Compare* Moore's Federal Practice § 107–30[3][a] (3d ed.1997) (recommending that the thirty-day limit should begin to run when the first defendant is served), *with* 14C Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction § 3739 at 336–339 (3d ed.1998) (recommending permitting later-served defendants to have thirty days to remove).

**6.** The Ninth Circuit has held that a failure to remove within thirty days constitutes a waiver of the right to remove, *see Cantrell v. Great Republic Ins. Co.,* 873 F.2d 1249, 1254 (9th Cir.1989), but has not yet explicitly adopted the majority or minority rule regarding timing for removal when there are multiple defendants.

It should be noted that an exception to this rule of waiver exists when a complaint is amended which fundamentally alters a case so as to constitute a substantially new suit. *See Douglass v. Weyerhaeuser Co.,* 662 F.Supp. 147, 149 (C.D.Cal.1987), *citing Fletcher v. Hamlet,* 116 U.S. 408, 410, 6 S.Ct. 426, 427, 29 L.Ed. 679 (1886). However, this exception is inapplicable in the instant action where the amended complaint merely substituted the names of Doe defendants, but did not alter the substance of the complaint. *See id.*

**7.** Defendant argues that the unanimity rule should not preclude removal of the instant

Furthermore, courts applying the majority rule have emphasized the necessity that the forum selection should be settled as early as possible. *See Brown*, 792 F.2d at 482; *Varney v. Johns–Manville Corp. et al.*, 653 F.Supp. 839, 840 (N.D.Cal.1987). The *Brown* court expressed concern that allowing later-served defendants to remove after the case had been litigated in state court for years would be unfair to the plaintiff. It would give the defendants "a second opportunity to forum-shop and further delay the progress of the suit." *Brown*, 792 F.2d at 482. The court in *Varney* cautioned against extending the time for removal beyond thirty days after the first defendant is served because then "the status of the case (state or federal) could remain unsettled for an indeterminate period." *Varney*, 653 F.Supp. at 840; *see also Innovacom*, 1998 WL 164933, at *2 (reasoning "the minority rule has the . . . drawback of creating significant uncertainty in jurisdiction as well as generating redundant and unnecessary judicial action.") (internal quotations and citation omitted).

Finally, the rule requiring removal statutes to be construed narrowly to limit removal supports the majority rule. *See Brown*, 792 F.2d at 482 ("[B]y restricting removal to instances in which the statute clearly permits it, the rule is consistent with the trend to limit removal and with the axiom that the removal statutes are to be construed against removal."); *see also Varney*, 653 F.Supp. at 840.

action because McAnally is no longer a defendant in the action and because she was added as a defendant more than thirty days after McAnally was served. However, whether a defendant was added later rather than merely served later does not change the analysis. Courts have held the unanimity rule precludes removal after thirty days from the date the initial defendant received the complaint regardless whether other defendants were initially named in the complaint but merely served later ("later-served defendants"), or whether other defendants were later added to the action ("later-added defendants"). *See Brown* at 482 (applying the first-served rule to preclude removal by later-added defendant); *Olsen*, 1999 WL 390842, at * (same); *cf.*

## B. Minority Last Served Rule

Courts applying the minority last-served rule allowing each defendant thirty days from the date on which he or she received the complaint "have cited fairness to defendants and case-specific circumstances as the main reasons for departing from the majority rule." *Olsen v. Foundation Health Plan, et al.*, 1999 WL 390842, at *2 (N.D.Cal. June 11, 1999). They have been concerned that the "first served" rule would enable and encourage plaintiffs to manipulate the timing of service of the summons and complaint to secure a state forum by serving defendants suspected of desiring removal more than thirty days after the first defendant received the complaint. *See McKinney*, 955 F.2d at 927–928 (applying last served rule and focusing on concerns of plaintiff's ability to manipulate and defeat removal by serving defendants at different times); *Goularte v. ABEX Corp.*, 1997 WL 294397, at *3 (N.D.Cal. May 28, 1997) ("[T]he 'first served' rule may encourage plaintiffs to deliberately manipulate the time of service to secure a state forum. . . .") The district court in *Goularte* was also concerned about the unfairness of letting one defendant's failure to remove within thirty days prevent other defendants "who had the misfortune of being served late in an action" from removing the case. *See Goularte v. ABEX Corp.*, 1997 WL 294397, at *2.

*Transport Indemnity Co.*, 339 F.Supp. at 409 (applying first-served rule to preclude removal by later-served defendant). If this difference has any significance, it would weigh in favor of applying the first served-rule when defendants are later-added rather than merely later-served. When defendants are added to the action after thirty days from the date the first defendant received the complaint, there is less danger that a plaintiff was manipulating the time of service to preclude removal. Furthermore, when defendants are added later to an action, there is a higher probability, as is evidenced by the instant action, that a first-served defendant has already proceeded to litigate in state court.

Some courts applying the minority rule also reason that if an earlier served defendant does not timely file a notice of removal, this does not preclude a later served defendant from filing a notice of removal and the earlier served defendant may join the notice of removal and consent to it. *See Ford*, 857 F.Supp. at 709; *see also Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n. 3 (6th Cir.1999); *compare with McKinney*, 955 F.2d at 926 n. 3 (holding if Defendant A was served more than 30 days before Defendant B, and Defendant A failed to petition for removal within 30 days, the case may not be removed). Furthermore, these courts have concluded that later served defendants should be afforded an opportunity to persuade the earlier served defendants to join in a removal petition. *See Garside*, 702 F.Supp. at 21.

Another equitable concern underlying the minority rule stems from the application of Fed.R.Civ.P. 11 ("Rule 11") sanctions for removal petitions. *See McKinney*, 955 F.2d at 928; *see also Griffith v. American Home Products Corp.*, 85 F.Supp.2d 995, 1001 (E.D.Wash.2000). This concern applies to defendants who are served with a complaint after another defendant has been served but before thirty days have elapsed from the initial service on him or her. Those defendants would be subject to a "Hobson's choice" of having "to forego removal or join hurriedly in a petition for removal and face possible Rule 11 sanctions." *McKinney*, 955 F.2d at 928.

Finally, some cases following the minority rule have also relied on the text and intent of removal statutes. *See Brierly*, 184 F.3d at 533 (referring to *McKinney* "... holding that the time for removal commences for all purposes upon service of the first defendant would require us to insert 'first' before 'defendant' into the language of the statute."). The court in *Goularte v. ABEX Corp.*, 1997 WL 294397 (N.D.Cal. May 28,1997) concluded:

> [t]he language and the legislative history do not support "the notion that the decision to remove rests exclusively with the first-served defendant." *See Ford*, 857 F.Supp. at 709. Although a "first served" defendant may waive its own right to remove by failing to timely do so, the statute does not place a time limit on consent to removal.

*Goularte*, 1997 WL 294397, at *2.

■ Turning to the facts of this case, this Court finds the reasoning of the courts following the majority rule to be more persuasive, especially in light of the rule requiring removal statutes to be construed narrowly. In the instant action, because federal jurisdiction here is based on diversity, concerns of comity favor construing the removal statute even more narrowly. The Court agrees that precluding removal after thirty days have elapsed from the date McAnally had received the complaint follows from the rule of unanimity, and is particularly appropriate under the circumstances of this case: 1) Defendant was served with the complaint more than thirty days after McAnally, and 2) at that time McAnally had waived removal by litigating this action in state court for approximately twenty months.

Indeed, equitable factors weigh in favor of applying the first-served rule. Here, there is no risk that Plaintiff was manipulating the time of service so as to secure a state forum. Plaintiff did not name Defendant in the initial complaint and then merely delay service on her. Rather, Defendant was not even substituted as a Doe defendant until after McAnally had passed away and almost a year and a half had elapsed since McAnally had been served with the complaint. The concerns arising from Rule 11 sanctions are inapplicable here because Defendant was served well after thirty days from McAnally's service with the complaint. Finally, because this case has been litigated in state court for a substantial amount of time—one and a half years—"removing the case now would result in substantial unfairness to the plaintiff, and would be a waste of judicial resources." *See Olsen*, at *3.

Therefore, the Court applies the first-served rule and concludes that Defendant's removal was untimely. Accordingly, the Court will remand the action.[8]

## III.

### *DISPOSITION*

IT IS ORDERED THAT: The action, No. EDCV 99–0420 RT (MCx), is remanded to the Superior Court for the State of California in and for the County of San Bernardino.

---

**8.** Because the Court has concluded removal was untimely, the Court need not address whether Lyons was fraudulently joined to avoid diversity jurisdiction.