**Milissa GARSIDE, By her next friend Maryanne GARSIDE, and Maryanne Garside, individually, Plaintiffs,**

v.

**OSCO DRUG, INC., Beecham, Inc., Hoffmann–LaRoche, Inc., and McKesson Corporation, Defendants,**

v.

**Andrew J. PRYHARSKI, M.D., Third Party Defendant.**

**Civ. A. No. 88–974–T.**

United States District Court, D. Massachusetts.

Dec. 15, 1988.

Andrew C. Schultz, Field & Schultz, Boston, Mass., for plaintiffs.

Douglas E. Hausler, John D. Hanify, Hanify & King, Boston, Mass., for defendants.

Joseph L. Doherty, Jr., Martin, Magnuson, McCarthy & Kenney, Boston, Mass., for Andrew J. Pryharski, M.D.

Scott D. Goldberg, Francis E. Sullivan, Murphy & Beane, Boston, Mass., for Osco Drug, Inc.

## MEMORANDUM

TAURO, District Judge.

Following treatment for an ear infection with the drug amoxicillin, plaintiff suffered a seizure. She was taken to the Quincy City Hospital where she was given phenobarbital. Both the amoxicillin and the phenobarbital prescriptions were continued after her release. Several days later, plaintiff developed a severe skin rash that was subsequently diagnosed as toxic epidermal necrolysis.

Plaintiff commenced this resulting products liability lawsuit in the Suffolk County Superior Court on March 7, 1984. Joined as defendants at that time were Osco Drug, the pharmacy that filled plaintiff's prescription, and the two pharmaceutical companies that produced and supplied amoxicillin to Osco Drug, Hoffmann–La-Roche, Inc. and Beecham, Inc.[1] On March 29, 1988 plaintiff amended her complaint to add a new defendant, McKesson Corporation, the company that produced the phenobarbital and distributed it to Osco Drug. On April 28, 1988 McKesson Corp. removed the action to this court, with the consent of the other defendants and without opposition by plaintiff. McKesson, now believing its own removal petition to have been untimely, has moved to have the case remanded to the Superior Court. Plaintiffs oppose the motion to remand. The other defendants have taken no position on the issue.

I.

A verified petition for removal must be filed within thirty days after the defendant is served with the complaint. 28 U.S.C.

---

1. Initially, Roche Clinical Laboratories was named as a defendant. Plaintiffs, however, amended their complaint to substitute Beecham, Inc. for Roche Clinical Laboratories.

§ 1446(b)[2]. Normally, failure to comply with the thirty day rule precludes that defendant from removing the case. But, compliance with the thirty day rule is not a jurisdictional prerequisite. Rather, failure to comply is a defect that may be deemed waived by the parties if they fail to make a timely motion to remand. Consequently, the court is not divested of subject matter jurisdiction solely by virtue of a late removal. *E.g., Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir.1986); *Gorman v. Abbott Laboratories*, 629 F.Supp. 1196, 1199 (D.R.I.1986).

█ In cases involving multiple defendants, all who have been served with the complaint must join or assent to the removal petition. *See Tri–Cities Newspapers, Inc. v. Tri–Cities Printing, Local 349*, 427 F.2d 325, 326–27 (5th Cir.1970); *Gorman*, 629 F.Supp. at 1199 ("it is established beyond peradventure that ... all defendants who have been served ... must so join [the removal petition]."). *See also* 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3731, at 504–508 (2d ed. 1985) (hereinafter "Wright & Miller") (all defendants, except nominal defendants, must sign removal petition); 1A J. Moore, B. Ringle & J. Wicker, *Moore's Federal Practice* ¶ 0.168[3.–2–1], at 547 (2d ed. 1987) (hereinafter "Moore") ("all defendants who may properly join in the removal petition must join."). This requirement is known as the "rule of unanimity". *Id.* at ¶ 0.168[3.–5–5], at 587.

## II.

█ Defendant McKesson filed its removal petition less than thirty days after it was served, but more than four years after its co-defendants could have removed the case themselves. The threshold issue raised by these circumstances is whether McKesson was foreclosed from removing the case. If presented with the specific question, two of the most respected treatises on federal procedure would reach opposing conclusions. *Compare* 14A Wright & Miller, § 3732, at 531–32 (subsequently served defendant should be allowed to remove) *with* 1A Moore, ¶ 0.168[3.–5–5], at 586–87 (subsequently served defendant cannot remove).

According to Professor Moore, once a defendant permits the thirty day removal window to pass, it cannot later consent to removal by a subsequently served defendant. *Id.* This result, Moore explains, is mandated by the rule of unanimity. *Id.*

Moore's premise would seem to assume that the previously served defendant's failure to remove the case originally indicates that it would not have consented to removal had the two defendants been served simultaneously. *Id.* In making that assumption, Moore does not give adequate weight to the interplay that often occurs in multi-party litigation. In practice, removal is often as much a matter of trial strategy as it is one of forum selection.

The rule of unanimity gives each defendant an absolute veto over removal. A defendant who wishes to remove the case must, therefore, be able to convince the other defendants to joint in the removal petition. As Wright & Miller recognize, Professor Moore's prohibition deprives "the subsequently served defendants ... of the opportunity to persuade the first defendant to join in the removal petition." Wright & Miller, at § 3732, at 532.[3]

There being no First Circuit case on point, this court is writing on something of a clean slate.[4] Given the choice between

---

**2.** If the action first becomes removable subsequent to service of the complaint, the removal petition must be filed within thirty days after receipt of the paper which first made the case removable. 28 U.S.C. § 1446(b).

**3.** Under Wright & Miller's approach all defendant's are treated equally. Any defendant can remove the case if it can persuade its co-defendants to consent to removal. Conversely, any defendant can protect itself against removal by refusing to consent to the petition.

**4.** This court recognizes, however, that the published opinions are in accord with Professor Moore's view. *See Brown v. Demco, Inc.*, 792 F.2d 478, 481–82 (5th Cir.1986) (removal improvident although removing defendant was added as a party after the initial 30 day window had closed); *Gorman v. Abbott Laboratories*, 629 F.Supp. 1196, 1201–03 (D.R.I.1986) (Selya,

the conflicting views of these leading treatises, the Wright & Miller approach appears to be the more practical and enlightened. This court holds, therefore, that a subsequently served defendant has thirty days to seek removal, even though its co-defendants may be time-barred from doing so.

## III.

 The result reached by following the Wright & Miller approach is particularly compelling where it is the removing defendant who is seeking a remand. Usually, it is the plaintiff who seeks to have the case remanded to the court in which the action was initially filed. *See* cases cited at note 4, *supra*. Here, the last served defendant, McKesson, is the party that originally removed this case. It now seeks remand after the matter has been randomly assigned to a judge of this court. Regardless of how benign and academic McKesson's purpose may be in now seeking remand, the timing of its motion could be perceived as an effort at forum shopping —a practice that should always be discouraged. The possibility of such a perception is made all the more real when, as here, the motion to remand is not predicated on a jurisdictional defect. See *Brown*, 792 F.2d at 481 (failure to comply with thirty day rule does not divest district court of subject matter jurisdiction); *Gorman*, 629 F.Supp. at 1199 (same).

An order will issue.

## ORDER

Defendant McKesson Corporation's motion to remand this case to the Suffolk County Superior Court of the Commonwealth of Massachusetts is hereby DE-NIED. Accordingly, defendant's motion to return its bond is also DENIED.

IT IS SO ORDERED.

J.) (same); *Dachenbach v. Pamida, Inc.,* 683 F.Supp. 1268, 1269–70 (S.D.Iowa 1988) (removal improper where removing defendant was named in the original complaint but not served until after co-defendant allowed the 30 day window to close); *Friedrich v. Whittaker Corp.,* 467 F.Supp. 1012, 1013–14 (S.D.Tx.1979) (same); *Schmidt v. National Organization for Women,* 562 F.Supp. 210, 212–13 (N.D.Fla.1983) (removal improper where removing defendant was served within co-defendant's 30 day window but failed to remove until that window had closed); *Hill v. Phillips, Barratt, Kaiser Engineering Ltd.,* 586 F.Supp. 944, 945–46 (D.Me.1984) (same); *Balestrieri v. Bell Asbestos Mines. Ltd.,* 544 F.Supp. 528, 529–30 (E.D.Pa.1982) (same); *Padden v. Gallaher,* 513 F.Supp. 770, 771 (E.D.Wis. 1981) (same). Nevertheless, only one of these cases explicitly rejected Wright & Miller's approach when faced with a defendant who was not a party when the 30 day window closed. *See Brown,* 792 F.2d at 481–82.