Kay COLLINGS, Plaintiff,

v.

E–Z SERVE CONVENIENCE STORES, INC., as Successor by Merger to Sunshine–Jr. Stores, Inc., and Hazel Thomas, Defendants.

No. 3:96cv264/RV.

United States District Court,
N.D. Florida,
Pensacola Division.

Aug. 14, 1996.

Henry W. Tipton, Lozier, Tipton & Tipton, Pensacola, FL, for plaintiff.

Michael A. Perkins, Clark, Partington, Hart, Larry, Bond, Stackhouse & Stone, Pensacola, FL, for defendant Hazel Thomas.

Michael A. Perkins, Margaret Catharine Rodgers, Clark, Partington, Hart, Larry, Bond, Stackhouse & Stone, Pensacola, FL, for defendants Sunshine–Jr. Stores, Inc., E–Z Serve Convenience Stores, Inc.

## ORDER

VINSON, District Judge.

Pending is plaintiff Kay Collings's motion to remand to state court. (doc. 6).

## I. BACKGROUND

Kay Collings was employed at Sunshine–Jr. Stores, Inc. ("Sunshine") from September of 1990 until August of 1994. During her employment, Collings filed a complaint with the United States Department of Labor, Wage and Hour Division, alleging that Sunshine had failed to pay her back overtime wages. The Department of Labor ordered Sunshine to pay Collings $1,205.55 in back overtime wages. Subsequently, Collings was fired from her position at Sunshine by her manager, Hazel Thomas.

As a result of her termination, Collings filed suit in state court on November 15, 1994, alleging a single count of retaliatory termination in violation of the Fair Labor Standards Act, Title 29, United States Code, Section 215(a)(3). Since then, Collings has amended her complaint five times. Collings amended her initial complaint on May 8, 1995, by specifically claiming the amount of damages sought. Collings amended her complaint again on November 3, 1995, by adding a claim for punitive damages. On March 26, 1996, Collings added the state claims of intentional infliction of emotional distress and violation of Section 448.102, Florida Statutes (1995), commonly known as the Florida Whistle Blower Act. On April 4, 1996, Collings's fourth amendment substituted E–Z Serve Convenience Stores, Inc. ("E–Z Serve") for Sunshine because the two companies had merged in October of 1995. Finally, by her latest amendment on April 26, 1996, Collings added Hazel Thomas as a defendant to the lawsuit. Throughout all these changes, the federal claim brought under the Fair Labor Standards Act remained unchanged, and no attempt was made by the corporate defendant to remove the case to federal court.

On May 24, 1996, defendant Thomas petitioned for removal to federal court. E–Z serve joined the petition, and the case was removed to this court. On June 14, 1996, Collings moved to remand the case to state court on the ground that Thomas's petition for removal was untimely.

## II. ANALYSIS

This case presents a policy question of whether a later-joined defendant may remove a case to federal court when the initial defendant has waived its right to remove. The Eleventh Circuit has not yet spoken on this. There is currently disagreement among the courts around the country on this issue. The Fifth Circuit Court of Appeals, along with many district courts, have concluded that a later-joined defendant is barred from removing the case to federal court when the original defendant did not remove within 30 days of service. *See, e.g., Brown v. Demco Inc.,* 792 F.2d 478, 482 (5th Cir.1986); *Kuhn v. Brunswick Corp.,* 871 F.Supp. 1444, 1447 (N.D.Ga.1994); *Faulk v. Superior Industries Intern., Inc.,* 851 F.Supp. 457, 460 (M.D.Fla.1994); *Noble v. Bradford Marine, Inc.,* 789 F.Supp. 395, 397 (S.D.Fla.1992); *Murjani v. Allstate Ins. Co.,* 679 F.Supp. 601, 603 n. 3 (M.D.La.1988); *Schmidt v. National Organization for Women,* 562 F.Supp. 210, 212 (N.D.Fla.1983). *See also McKinney v. Board of Trustees of Mayland Community College,* 955 F.2d 924, 926 n. 3 (4th Cir.1992); 1A J. Moore, Moore's Federal Practice, ¶ 0.168 [3.5–5], 586–87 (2nd ed. 1985). Other district courts, however, have taken the view that a later-joined defendant may remove to federal court, as long as that defendant peti-

tions for removal within 30 days, and all of the other defendants consent to the removal. *See Eltman v. Pioneer Communications of America, Inc.*, 151 F.R.D. 311, 318 (N.D.Ill. 1993); *Ford v. New United Motors Mfg., Inc.*, 857 F.Supp. 707, 710 (N.D.Cal.1994); *Garside by Garside v. Osco Drug, Inc.*, 702 F.Supp. 19, 21–22 (D.Mass.1988); *see also* 14A Wright, Miller, & Cooper, Federal Practice and Procedure: Jurisdiction 2d, § 3732 at 531–32 (subsequently served defendant should be permitted to remove).

■ The time requirements for filing a petition for removal are set forth in Title 28, United States Code, Section 1446(b):

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based....

In other words, a defendant who fails to remove a case to federal court within thirty days has waived that right. In addition, the unanimity rule requires that all defendants consent to removal. *See Chicago, Rock Island, & Pacific Railway Co. v. Martin*, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055 (1900); *Tri–Cities Newspapers, Inc. v. Tri–Cities Printing, Local 349*, 427 F.2d 325, 326–27 (5th Cir.1970).[1]

Courts barring later joined defendants from removing to federal court cite to the unanimity rule as a basis for their holding. *See, e.g., Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir.1986). These courts find that once the first-served defendant has waived its right to remove by allowing the thirty-day period to expire, the first-served defendant cannot join in a notice of removal with later-joined defendants, thus preventing a later-joined defendant from removing.

■ However, I do not believe that allowing later-joined defendants to remove to federal court violates the unanimity rule. The

unanimity rule does not prohibit a defendant who has waived the right to remove from joining a petition for removal. The unanimity rule simply requires "that all defendants *join in* the removal petition." *Tri–Cities Newspapers, supra*, 427 F.2d at 326–27 (emphasis supplied). The rationale for this rule is to prevent one case from being litigated in two courts. *See Chicago, Rock Island, & Pacific Railway Co., supra*, 178 U.S. at 248, 20 S.Ct. at 855, 44 L.Ed. at 1056 ("A defendant has no right to say that an action shall be several which a plaintiff elects to make joint"). Allowing later-added defendants an opportunity to remove still requires all defendants to consent to the petition for removal, thus keeping the case in one court. In addition, the original defendant may still control where the action will be litigated by withholding its consent to removal.

Moreover, the rule of unanimity seems to be based on the language of Title 28, United States Code, Section 1441(a), which provides that "the defendant or the defendants" (in civil actions or criminal prosecutions) may remove the case. *Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir.1992). However, Section 1446(b) (which sets the time for removal of civil actions) simply says that "the defendant" must file the notice of removal within thirty days; it does not contemplate multiple defendants. Thus, Courts holding that a later-joined defendant is barred from removal read the words "first served" into the statute. *See, e.g., Getty Oil Corp. v. Insurance Co. of N. America*, 841 F.2d 1254 (5th Cir. 1988). This construction of the statute opens the way for the plaintiff to deliberately avoid removal by delayed service upon a defendant anticipated to seek removal.[2] Yet, the real question should be whether the "first served" rule is sound when it is subject to such problems in application whenever there is non-simultaneous service—a common circumstance. It also effectively blocks a later-added defendant, such as Thomas in this case, from any removal right. Likewise, it

---

**1.** In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

**2.** Exceptional circumstances may be grounds for a court to allow removal, despite the "first served" rule. *See, e.g., Brown v. Demco, Inc., supra*, 792 F.2d at 482.

 

constitutes "inequity" for many defendants, as the Fourth Circuit characterized the *Getty Oil* conclusion. *McKinney v. Board of Trustees of Mayland Community College,* 955 F.2d 924, 926–27 (4th Cir.1992) (holding that later served defendants each have thirty days to remove to federal court). And, application of Rule 11 to Section 1446(a) is further reason to allow all defendants a full 30 days to investigate the appropriateness of removal. *Id.,* 955 F.2d at 928. Although removal statutes are to be strictly construed, there is simply nothing in Section 1446(b) which mandates running of the 30–day clock from the time any defendant is first served.

Allowing the initially served defendant the choice of whether to remove, but binding that decision on later-joined defendants leads to inequitable results. *See* 14A Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d, § 3732 at 531–32. Courts favoring the rule which bars later-served defendants from removing argue that it is unfair to the plaintiff to allow a later-joined defendant to remove. *See, e.g., Brown, supra,* 792 F.2d at 481. This argument is unpersuasive because it is the plaintiff who has chosen to join the new defendant to the lawsuit, not the later-joined defendant. Thus, the plaintiff still has the most control over whether the action may be removed. The removal process is intended to be fair to both the plaintiffs and the defendants. *McKinney, supra,* 955 F.2d at 927.

In this case, Collings filed the initial complaint against Sunshine on November 15, 1994, alleging a violation of the Fair Labor Standards Act. Sunshine waived its right to remove by allowing the thirty-day time period to expire. On April 26, 1996, 17 months later, Collings added Thomas to this lawsuit. Thomas promptly filed a petition for removal, which has been joined by E–Z Serve. Since Thomas's notice of removal was within 30 days from the time she was served, and she received the consent of all defendants, her petition is timely and in compliance with the plain language of the removal statute.

## III. CONCLUSION

For all of the above reasons, Collings's motion for remand to state court is DE-NIED. Collings's motion for attorney's fees is also DENIED.

DONE AND ORDERED.