88 F.Supp.2d 999 (2000)
Thomas E. BAUER, Plaintiff,
v.
TRANSITIONAL SCHOOL DISTRICT OF THE CITY OF ST. LOUIS, et al., Defendants.
No. 4:99CV1614 ERW.
United States District Court, E.D. Missouri, Eastern Division.
January 10, 2000.
*1000 Thomas J. Bauer, St. Louis, MO, plaintiff pro se.
Kenneth C. Brostron, Dirk DeYoung, and Mary Elizabeth Handley of Lashly & Baer, P.C., St. Louis, MO, for defendant Transitional School Dist. of City of St. Louis.
Ira M. Young, Young and Thompson, St. Louis, MO, for defendants St. Louis Bd. of Education Com'rs, Nannette Baker, Edward Ottinger, Joseph Neil, Velma Martin.

MEMORANDUM AND ORDER
WEBBER, District Judge.
This matter is before the Court on Plaintiff Thomas Bauer's Motion to Remand [document # 42].

I. Statement of Facts
Bauer filed a Petition in Mandamus in the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis) on November 30, 1998. Bauer sought an order compelling the Transitional School District of the City of St. Louis (the "Transitional District") to certify to the St. Louis City Board of Election Commissioners (the "Board of Election Commissioners") certain provisions popularly known as the St. Louis Students Bill of Rights (the "Student Bill of Rights"). Under Missouri election laws, once the Transitional District certified the Student Bill of Rights issue, the Board of Election Commissioners would have been required to place for a public vote the question of whether its provisions should be implemented.[1] R.S.Mo. § 115.125, § 115.127. On December 9, 1998, Bauer filed a motion for joinder to include the Board of Election Commissioners in the case. It appears from the record that the Board of Election Commissioners was served on December 10, 1998.
On January 22, 1999, the Circuit Court issued an order which stated, in essence, that mandamus was premature until Bauer demonstrated that the Transitional School District had a duty to place the matter for a city-wide vote, and that since the statute required a vote on the proposal only "to the extent consistent with the Missouri and United States Constitutions," it was first necessary to determine the extent to which the statute was consistent with the Missouri and United States Constitutions. The court granted Bauer leave to file a First Amended Petition on January 29, 1999, and Bauer added a Count for Declaratory Judgment to determine these state and federal constitutional questions.
On July 1, 1999, the Transitional District was dissolved by the State Board of Education, pursuant to Missouri law, after a settlement was reached in the Liddell v. Board of Education desegregation case. Cause No. 4:97CV100 SNL (E.D.Mo.1999). Accordingly, the Circuit Court granted Bauer leave to file a Second Amended Petition on October 4, 1999, adding the Board of Education of the City of St. Louis (the "Board of Education") and leaving unchanged the substance of the Counts for Declaratory Judgment and Mandamus. Bauer served process on the Board of Education on October 4, 1999, and on October 14, 1999, the Board of Education filed a Notice of Removal in this Court, *1001 joined by the Board of Election Commissioners.
In his motion to remand, Bauer asserts that the parties' Notice of Removal is untimely as to the Board of Election Commissioners. He further asserts that remand is appropriate under the doctrine of federal abstention in state proceedings.

II. Analysis
The removal statute, 28 U.S.C. § 1446 provides in pertinent part as follows:
(a) A defendant or defendants desiring to remove any civil action ... from a State court shall file in the district court ... a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action,
(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based....
In this case, there is no dispute that the Board of Education timely filed its notice of removal. Nevertheless, Bauer contends that because the Board of Election Commissioners did not file a notice of removal within thirty days of the date of its service, it cannot properly join the Board of Education's removal, making such removal improper. The question before the Court is this: may a later-served defendant remove a case to federal court when the first-served defendant has waived its right to remove and, because the later defendant was served months after the first-served defendant, the later defendant had no opportunity to persuade the first-served defendant to join a notice of removal within thirty days of the first-served defendant's service. The Court finds that the Board of Election Commissioners's waiver is not fatal to the Board of Education's timely notice of removal.
Federal district courts are not in agreement on this question. While a majority of district courts addressing it have followed the "first-served defendant" rule, holding that a later-joined defendant is barred from removing a case to federal court when the first-served defendant did not remove within thirty days of its service, several recent cases have found this rule unduly harsh and inequitable to defendants. The Eighth Circuit has not considered this question.[2] Courts favoring the first-served defendant rule advance several reasons for its propriety. First, they reason that section 1446(b)'s thirty day limitation is intended to prevent the delay and waste of legal resources which may occur if a defendant delays its removal to federal court while waiting to see how the action proceeds in state court. Gorman v. Abbott Laboratories, 629 F.Supp. 1196, 1199 (D.R.I.1986). Also, the unanimity rule in removal should bar later-joined defendants from removing to federal court. See, e.g., Brown v. Demco, Inc., 792 F.2d 478, 481 (5th Cir.1986). Thus, courts assert, a defendant who has waived its own right to removal should not be able to sidestep this choice and subsequently join a later-served defendant who timely files a notice of removal. Gorman, 629 F.Supp. at 1202. Furthermore, the later-served defendant is not penalized if the first defendant would never have agreed to removal in any event. Id. These courts have also noted that the strict construction accorded the federal removal statute necessitates the first-served defendant rule. See, *1002 e.g., Balestrieri v. Bell Asbestos Mines, Ltd., 544 F.Supp. 528, 530 (E.D.Pa.1982). For the following reasons, the Court finds these arguments for the first-served defendant rule unpersuasive.
First, in this case, it does not appear that judicial resources will have been squandered if the case remains in federal court, after spending almost one year in state court. Because of the delays created by the Circuit Court's dismissal of Bauer's first petition and the necessity that Bauer add the Board of Education as the primary defendant after the dissolution of the Transitional District, the case has proceeded only as far as the filing of the Bauer's Second Amended Petition, the Board of Election Commissioner's Answer to that Petition, and an entry of appearance of attorneys for the Board of Education. Thus, the case, though one year old, is still in its earliest stage of proceedings.
Second, Collings v. E-Z Serve Convenience Stores, Inc. addressed the unanimity rule argument as follows:
However, I do not believe that allowing later-joined defendants to remove to federal court violates the unanimity rule. The unanimity rule does not prohibit a defendant who has waived the right to remove from joining a petition for removal. The unanimity rule simply requires "that all defendants join in the removal petition." Tri-Cities Newspapers [v. Tri-Cities Printing, Local], 427 F.2d [325], 326-27 [5th Cir.1970]. The rationale for this rule is to prevent one case from being litigated in two courts. See Chicago, Rock Island, & Pacific Railway Co. [v. Martin], 178 U.S. [245], 248, 44 L.Ed. 1055 [1900] ("A defendant has no right to say that an action shall be several which a plaintiff elects to make joint"). Allowing later-added defendants an opportunity to remove still requires all defendants to consent to the petition for removal, thus keeping the case in one court. In addition, the original defendant may still control where the action will be litigated by withholding its consent to removal.
Moreover, the rule of unanimity seems to be based on the language of Title 28, United States Code, Section 1441(a), which provides that "the defendant or the defendants" (in civil actions or criminal prosecutions) may remove the case. Doe v. Kerwood, 969 F.2d 165, 167 (5th Cir.1992). However, Section 1446(b) (which sets the time for removal of civil actions) simply says that "the defendant" must file the notice of removal within thirty days; it does not contemplate multiple defendants. Thus, Courts holding that a later-joined defendant is barred from removal read the words "first served" into the statute. See, e.g., Getty Oil Corp. v. Insurance Co. of N. America, 841 F.2d 1254 (5th Cir.1988). This construction of the statute opens the way for the plaintiff to deliberately avoid removal by delayed service upon a defendant anticipated to seek removal. Yet, the real question should be whether the "first served" rule is sound when it is subject to such problems in application whenever there is non-simultaneous service  a common circumstance. It also effectively blocks a later-added defendant ... from any removal right. Likewise, it constitutes "inequity" for many defendants, as the Fourth Circuit characterized the Getty Oil conclusion. McKinney v. Board of Trustees of Mayland Community College, 955 F.2d 924, 926-27 (4th Cir.1992) (holding that later served defendants each have thirty days to remove to federal court). And, application of Rule 11 to Section 1446(a) is further reason to allow all defendants a full 30 days to investigate the appropriateness of removal. Id., 955 F.2d at 928.
936 F.Supp. 892, 894-95 (N.D.Fl.1996). This Court agrees with Collings's sound reasoning as to both the import of the unanimity rule and the language of § 1446(b) and adopts that reasoning herein.
Third, in this case the Board of Election Commissioners's joinder in the Board of Education's notice of removal indicates *1003 that the Board of Election Commissioners would not have stood in the way of the Board of Education's removal had the two defendants been served simultaneously. Along this line, the Court notes that in several cases which have followed the first-served defendant rule, the removing defendants were in fact served within thirty days of service on all other defendants and therefore had an opportunity to persuade all defendants to join in a timely removal petition. Nanji, 760 F.Supp. at 144; Balestrieri, 544 F.Supp. at 530; Quick Erectors, 524 F.Supp. at 354. The Court agrees that if the later-served defendant was served within thirty days of other defendants and failed to persuade all to join in a timely removal petition, application of the first-served defendant rule does not harm such defendant because an opportunity was given to consider removal. However, the Court believes that the extension of the first-served defendant rule to cases in which the later-served defendant had no such opportunity for persuasion takes the rule too far.
Fourth, as Ford v. New United Motors Manufacturing, Inc. explains, the 1988 amendments to the removal statute indicate Congress's assumption that courts would allow later-served defendants to remove even if the first-served defendant had waived its right to removal:
It is noteworthy that the 1988 amendments imposed new limitations on the timing of removals. Section 1446(b) now provides that a diversity action may not be removed more than one year after the action is commenced. This change further minimizes the chance that a case will be removed after the parties have already extensively litigated the action in state court. Moreover, the amendment provides further evidence that Congress envisioned that later-served defendants should have the right to remove actions to federal court, notwithstanding the inaction of the first-served defendant. Indeed, the first-served rule would, in effect, render this amendment superfluous.
857 F.Supp. 707, 710 n. 7 (N.D.Ca.1994).
Fifth, applying the first-served rule to a defendant served after the expiration of the first-served defendant's thirty days can significantly prejudice the later-served defendant. See Charles A. Wright, Arthur R. Miller, & Edward H. Cooper § 3732 (3d ed.1998) (commenting on potential unfairness of application of first-served defendant rule). Here, to disallow the Board of Education from removal to federal court because the Board of Election Commissioners failed to timely remove would be particularly inequitable. After the demise of the Transitional District, the Board of Education is the defendant with the most at stake in this case. As noted in the statement of facts supra, the role of the Board of Election Commissioners with respect to the Student Bill of Rights is simply to carry out its statutory obligation to place for a public vote the question of whether the Student Bill of Rights's provisions should be implemented, after the issue has been properly certified. Indeed, it may have been the Board of Election Commissioners' relatively insignificant role in this case that led to its waiver of its right to remove. See Ford, 857 F.Supp. at 710, n. 6 ("The mere fact that the first-served defendant does not initiate a removal should not be automatically construed as an intent to avoid federal jurisdiction.") To deny the Board of Education its right to remove because of the Board of Election Commissioners's initial inaction, when the Board of Election Commissioners has now joined the former's timely notice of removal, does not satisfy the most general concepts of fairness. As Collings emphasized, "The removal process is intended to be fair to both the plaintiffs and the defendants." 936 F.Supp. at 895. The late service of the Board of Education was an inevitable outcome of the intertwined relationship between this case and the Liddell desegregation case. As such, that late service was not Bauer's intention or his fault  but neither *1004 has he been prejudiced by the Board of Education's timely removal once it was served. Finally, the Circuit Court itself, in its thorough and well-reasoned Order dismissing Bauer's initial petition, noted that because the federal district court retains jurisdiction over Liddell, "it cannot be gainsaid that the federal courts have the last word" on the questions of the constitutionality of the Student Bill of Rights and the co-extensive duty of the Defendants. Memorandum and Order, at 10 (January 22, 1999). For these reasons, the Court finds that the Board of Election Commissioner's joinder in the Board of Education's timely notice of removal was proper and does not bar removal of this case to federal court. See Freeman v. Bechtel, 936 F.Supp. 320, 326 (M.D.N.C.1996) ("While a first-served defendant having failed to initiate a removal within thirty days of service may have waived the right to do so, there is no compelling reason for precluding a first-served defendant from joining in or consenting to a later-served defendant's removal.").
Bauer also asserts that this Court should remand this action to state court under the doctrine of federal abstention. Noting that his Petition for declaratory judgment requires judicial determination of the constitutionality of the Student Bill of Rights under both the Missouri and United States Constitutions, Bauer suggests that remand would allow the Missouri courts to adjudicate the question of state constitutionality, while leaving open the possibility of returning to federal court for adjudication of the federal constitutional question. In support of his argument, Bauer cites abstention doctrines established by the United States Supreme Court in Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943) and Colorado River Water Conservation Dist. v. U.S., 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). The Court believes that neither of these cases, or the case law interpreting them, supports abstention in this case, nor is abstention appropriate for any other reason.
Abstention "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." New Orleans Pub. Serv., Inc. v. New Orleans, 491 U.S. 350, 359, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989). The Supreme Court has cautioned that federal courts have a "virtually unflagging obligation ... to exercise the jurisdiction given them." Colorado River Water Conserv. Dist. v. United States, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Accordingly, a district court should abstain only upon finding the existence of "exceptional circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest." Moses H. Cone v. Mercury Construction Corp., 460 U.S. 1, 14, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). The Supreme Court has defined three general categories of circumstances in which abstention is appropriate: (1) "in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law," County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 189, 79 S.Ct. 1060, 3 L.Ed.2d 1163 (1959); (2) "where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case at bar," Colorado River, 424 U.S. at 814, 96 S.Ct. 1236; and (3) "where, absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings," Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).
The first type of abstention is not applicable here because, as Bauer himself argued, Missouri courts' determination of the constitutionality of the Student Bill of Rights under the state constitution would leave unresolved the question of whether the Student Bill of Rights violated the United States Constitution. Furthermore, *1005 it is not a state law that is at issue here, but a state constitutional question, which is not grounds for federal abstention. Louisiana Debating and Literary Association v. City of New Orleans, 42 F.3d 1483, 1492 (5th Cir.1995) ("The only time that a state constitutional provision may warrant abstention is when that constitutional provision is so interrelated with the statute or ordinance at issue that it can be said state law is ambiguous.").
The second type of abstention, known as Burford abstention, is inapplicable to this case because, while state law and policy are involved, significant federal questions are raised by the Student Bill of Rights's potential to undermine the federal district court's settlement of the Liddell desegregation case. This Court's retention of jurisdiction will not have "an impermissibly disruptive effect on state policy" but will allow this federal court to examine the important federal issues at stake here. See In re Otter Tail Power Co., 116 F.3d 1207, 1215 (8th Cir.1997) (noting that Burford abstention is not appropriate where the question is one of "basic federal supremacy"). The fact that the Court will be required to determine the state constitutionality of the Student Bill of Rights is not, in itself, a sufficient reason for abstention. Louisiana Debating, 42 F.3d at 1492.
The third type of abstention, Younger abstention, is clearly not applicable to this civil case. Finally, abstention is not appropriate under the Colorado River doctrine because its threshold requirement is the existence of a parallel proceeding in state court. Moses H. Cone, 460 U.S. at 28, 103 S.Ct. 927. There is no such parallel proceeding here, of course. For the foregoing reasons, the Court finds that abstention is not warranted in this case and therefore shall deny Bauer's motion to remand.
Accordingly,
IT IS HEREBY ORDERED that Plaintiff Thomas Bauer's Motion to Remand [document # 42] is DENIED.
NOTES
[1] The proposal in the Student Bill of Rights was to be submitted to the voters substantially as follows:

Shall the St. Louis School District reinstitute the basic kindergarten through eighth grade neighborhood school system within the district and be required to permit students to attend the school closest to their home?
[] Yes [] No
[2] The single published case from this District, Quick Erectors, Inc. v. Seattle Bronze Corp., 524 F.Supp. 351, 354 (1981), in which the court followed the first-served defendant rule, is factually distinguishable from this case. In Quick Erectors, the first defendant was served on October 1 and the second on October 16; thus, the second defendant had an opportunity to convince the first defendant to join it in a removal petition before the first thirty days had expired. The Board of Education did not have such an opportunity.