**Mary Nell WYATT et al., Plaintiffs,**

v.

**SYRIAN ARAB REPUBLIC et al., Defendants.**

No. CIV.A. 01–1628(RMU).

United States District Court, District of Columbia.

Feb. 23, 2004.

David Jacob Strachman, McIntyre, Tate, Lynch & Holt, Providence, RI, for Plaintiffs.

Abdeen M. Jabara, New York, NY, Maher H. Hanania, Hanania, Kheder & Nawash, Falls Church, VA, for Defendants.

### *MEMORANDUM ORDER*

GRANTING THE PLAINTIFFS LEAVE TO AMEND THEIR COMPLAINT; DENYING WITHOUT PREJUDICE THE DEFENDANTS' MOTION TO DISMISS

URBINA, District Judge.

In 1991, Marvin Wilson and the late Ronald Wyatt were traveling in Turkey when terrorists associated with the Kurdistan Workers Party ("PKK") kidnapped both men and held them for 21 days until they escaped. Mr. Wilson and his family and the family of Mr. Wyatt ("the plain-

tiffs") now bring suit against the PKK pursuant to the Antiterrorism Act of 1991, 18 U.S.C. §§ 2331 *et seq.*, for international terrorism. The plaintiffs also bring suit pursuant to the state-sponsored terrorism exception to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605(a)(7), and the Flatow Amendment, 28 U.S.C. § 1605 note, against the Syrian Arab Republic, the Syrian Ministry of Defense ("SMD"), Syrian Minister of Defense Mustafa Tlass, and General Ghazi Kanaan of the Syrian armed forces (collectively, "the Syrian defendants") for false imprisonment, civil conspiracy/vicarious liability, intentional and/or negligent infliction of emotional distress, assault, battery, loss of consortium and solatium, and economic damages.[1] In response, the Syrian defendants filed a motion to dismiss for lack of both subject-matter and personal jurisdiction, insufficient process and service of process, and failure to state a claim on which relief may be granted.

On January 16, 2004, the D.C. Circuit addressed the question of suits against foreign states and their officials, employees, and agents pursuant to section 1605(a)(7) and the Flatow Amendment. *Cicippio–Puleo v. Islamic Republic of Iran*, 353 F.3d 1024 (D.C.Cir.2004). Specifically, the D.C. Circuit stated that

[w]e now hold that neither 28 U.S.C. § 1605(a)(7) nor the Flatow Amendment, nor the two considered in tandem, creates a private right of action against a foreign government. Section 1605(a)(7) merely waives the immunity of a foreign state without creating a cause of action against it, and the Flatow Amendment only provides a private right of action against officials, employees, and agents of a foreign state, not against the foreign state itself.[2]

*Id.* at 1033. Recognizing that the *Cicippio–Puleo* plaintiffs had filed their suit in the wake of judgments favoring hostage victims and thus may have been misled in assuming that the Flatow Amendment afforded a cause of action against foreign states, the D.C. Circuit remanded the case to the district court with instructions to permit the plaintiffs to amend their complaint to state a cause of action under some other source of law, including state law.[3] *Id.* at 1027, 1033.

The *Cicippio–Puleo* court's holding bears directly on the case before this court. Following the circuit's guidance, the court grants the plaintiffs an opportunity to amend their complaint to clarify the jurisdictional basis for suit, the defendants and the capacity in which each defendant is sued, the cause of action for each claim,

1. To date, the plaintiffs have not served defendants SMD, Tlass, and Kanaan. *See* Pls.' Opp'n to Defs.' Mot. to Dismiss at 13 n. 4 (stating that "[the] plaintiffs have been unable to serve the SMD, Tlass and Kanaan" but "are preparing and will shortly file a motion pursuant to 28 U.S.C. § 1608(b)(3)(C) requesting that the court approve an alternative means of service").

2. The court went on to note that "insofar as the Flatow Amendment creates a private right of action against officials, employees, and agents of foreign states, the cause of action is limited to claims against those officials in their individual, as opposed to their official,

capacities[.]" *Cicippio–Puleo*, 353 F.3d at 1034.

3. In remanding to allow the *Cicippio–Puleo* plaintiffs to amend their complaint to state a cause of action under some other source of law, the court adopted the suggestion of *amici curiae* from the related case of *Kilburn v. Republic of Iran*, 277 F.Supp.2d 24 (D.D.C. 2003), now scheduled for oral argument in May 2004. *Cicippio–Puleo*, 353 F.3d at 1036. The court specifically reserved judgment, however, on the question of whether the *Cicippio–Puleo* plaintiffs had a viable basis for an action against the foreign state. *Id.* at 1027, 1036.

the relief requested for each claim, and any other matters affected by the intervening precedent. Accordingly, it is this 23rd day of February, 2004,

**ORDERED** that the plaintiffs may file a second amended complaint by no later than March 19, 2004; and it is

**FURTHER ORDERED** that the defendants' motion [# 27] to dismiss is **DENIED without prejudice**; and it is

**ORDERED** that if the plaintiffs file a second amended complaint, the defendants may file a responsive pleading 30 days after the date of service of that complaint. If the plaintiffs do not file a second amended complaint, the defendants may renew their motion [# 27] to dismiss.

**SO ORDERED.**