**V.Z. LAWTON, et al., Plaintiffs,**

v.

**THE REPUBLIC OF IRAQ, Defendant.**

**No. CIV.A. 02–00474RBW/DAR.**

United States District Court,
District of Columbia.

March 4, 2004.

James F. Peterson, Larry Elliot Klaymam, Judicial Watch, Incorporated, Washington, DC, for Plaintiff.

ORDER

DEBORAH ANN ROBINSON, United States Magistrate Judge.

■ This action was referred to the undersigned United States Magistrate Judge on June 3, 2003 "pursuant to 28 U.S.C. § 636(b)(1)(B) to conduct an evidentiary hearing and submit to [the] Court ... proposed findings of fact and [a] recommendation for disposition of the Motion of All Original and Intervening Plaintiffs for Summary/Default Judgment." June 3, 2003 Order (Docket No. 21). Plaintiffs invoke the jurisdiction of this Court pursuant to 28 U.S.C. § 1605(a)(7). Complaint ¶ 1. Plaintiffs name the Republic of Iraq as the sole Defendant. *See* Complaint ¶ 6. In section "II. *Cause of Action* [,]" Plaintiffs state that

> [the] Antiterrorism ... and Effective Death Penalty Act enables suits for monetary damages against foreign states that cause "personal injury or death ... by an act of ... extrajudicial killing ... or the provision of material support or resources ... for such an act." *See* 28 U.S.C. § 1605(a)(7). The Foreign Sovereignties [sic] and [sic] Immunity [sic] Act, as amended, provides liability for "money damages which may include economic damages, solatium, pain and suffering, and punitive damages if the acts were among those described in § 1605(a)(7)." *See also* 28 U.S.C. § 1605, note.

Complaint ¶ 4. Plaintiffs do not purport to state a cause of action under any other source of law.

On January 16, 2004, a panel of the District of Columbia Circuit decided *Cicippio–Puleo v. Islamic Republic of Iran*, 353

F.3d 1024 (D.C.Cir.2004). In its opinion, the circuit held that "neither 28 U.S.C. § 1605(a)(7) nor the Flatow Amendment, nor the two considered in tandem, creates a private right of action against a foreign government." *Id.* at 1033. The circuit explained that Section 1605(a)(7) "merely waives the immunity of a foreign state without creating a cause of action against it," and that the Flatow Amendment "only provides a private right of action against officials, employees, and agents of a foreign state, not against the foreign state itself." *Id.*

On January 21, 2004, the undersigned ordered Plaintiffs to file a memorandum to address the application of *Cicippio–Puleo* to the claims they assert in this action. On February 19, 2004, Plaintiffs filed a memorandum captioned "Response of Plaintiffs to Court's Order Dated 21 January 2004" ("Plaintiffs' Response") (Docket No. 29).

██ Upon consideration of Plaintiffs' Response and the entire record herein, the undersigned will grant Plaintiffs an opportunity to amend their Complaint, and deny the Motion of All Original and Intervening Plaintiffs for Summary/Default Judgment without prejudice. Plaintiffs submit that they "have pled facts in the Complaint sufficient for alternate (federal and state) theories of liability[,]" and that "this case should be allowed to go forward on those grounds." Plaintiffs' Response at 3. However, the undersigned, "[f]ollowing the circuit's guidance," will grant Plaintiffs an opportunity to amend their Complaint

> to clarify the jurisdictional basis for suit, the defendants and the capacity in which each defendant is sued, the cause of action for each claim, the relief requested for each claim, and any other matters affected by the intervening precedent.

*Wyatt v. Syrian Arab Republic,* 304 F.Supp.2d 43, 44, 2004 WL 330191, at *2 (D.D.C. February 23, 2004).

Accordingly, it is, this 4th day of March, 2004,

**ORDERED** that Plaintiffs may file an amended complaint by no later than April 5, 2004; and it is

**FURTHER ORDERED** that the Motion of All Original and Intervening Plaintiffs for Summary/Default Judgment (Docket No. 17) is **DENIED WITHOUT PREJUDICE.**