Davidson v. Rand, et al.          05-CV-012-SM  04/06/05
                UNITED STATES DISTRICT COURT

                  DISTRICT OF NEW HAMPSHIRE


L. John Davidson,
        Plaintiff

        v.                              Civil No. 05-cv-012-SM
                                        Opinion No. 2005 DNH 060
James H. Rand, Arthur Blasberg, Jr.,
John Beinecke, Eugene D. Brody,
Daniel E. Best, William L. Gorman,
Armand O. Norehad, Antaeus Enterprises, Inc.,
and Atlantic Capital Partners, LLC.,
        Defendants


                        **O R D E R**


     In September of 2004, L. John Davidson filed a writ of

summons in the Rockingham County (New Hampshire) Superior Court,

setting forth five claims against nine defendants.  Subsequently,

one of those defendants, Armand Norehad, removed the action,

invoking this court's diversity jurisdiction.  Davidson now moves

the court to remand the action to state court.  Defendants

object.  For the reasons set forth below, Davidson's motion to

remand is granted.

**Legal Standard**

Title 28 U.S.C. § 1446, the federal statute governing removal of actions from state court, provides, in pertinent part, that:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. §1446(b). See also 28 U.S.C. § 1441 (describing the circumstances under which an action originally filed in state court may be removed to federal court). "In cases involving multiple defendants, all defendants who have been served must join or assent in the removal petition." Swanston v. TAP Pharm. Prods., 307 F. Supp. 2d 190, 193 (D. Mass. 2004) (citing Lapides v. Bd. of Regents, 535 U.S. 613, 620 (2002)). When removal is challenged, the removing party bears the burden of demonstrating that the asserted basis for removal satisfies the statutory requirements. Sirois v. Business Express, Inc., 906 F. Supp. 722, 725 (D.N.H. 1995).

## Discussion

Davidson commenced this action in state court on September 17, 2004. By November 5th, all but one defendant had been served (the "First-Served Defendants"). None of the First-Served Defendants exercised its right to remove the case within the statutorily prescribed 30-day period. Subsequently, Davidson effected service upon the final defendant, Armand Norehad. Within the period allowed by section 1446, Norehad removed the state court action to this court. All other defendants consented (though Davidson's motion to remand challenges those defendants' ability to "consent," given that their right to remove had already lapsed).

There appears to be no dispute that, pursuant to 28 U.S.C. § 1332, this court has subject matter jurisdiction over Davidson's claims. Nor do the parties dispute that Norehad removed this action within 30 days of his having been served, as required by section 1446(b). The sole question presented by Davidson's motion to remand is whether Norehad could remove the action after the First-Served Defendants' time for doing so had lapsed. Or, viewed somewhat differently, the question is whether the First-

3

Served Defendants had the capacity to consent to Norehad's removal after failing to exercise their own right to remove in a timely manner.

There is a growing split of opinion on the issue presented, even within this circuit, and even among judges within individual districts of this circuit. Compare Karpowicz v. Blue Cross & Blue Shield of Mass., 1996 WL 528372 (D. Mass. Aug. 19, 1996) with Garside v. Osco Drug, Inc., 702 F. Supp. 19 (D. Mass. 1988). See generally 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 3732 at 336-40 n.74 and 75 (2004 Supp.) (collecting numerous cases on both sides of this issue). The majority of courts that have confronted the issue have concluded that once a defendant's right to remove a proceeding has lapsed, that defendant cannot consent to subsequent removal efforts undertaken by a later-served defendant. This has become known as the "first-served defendant" rule or the "rule of unanimity." Prior to his elevation to the Court of Appeals for the First Circuit, Judge Selya embraced the rule of unanimity and, addressing the point in detail, concluded:

4

In the typical scenario, a plaintiff sues multiple defendants, who are served in random sequence. A defendant which is served toward the end of this temporal daisy chain seeks to remove the action: that defendant acts within thirty days of its receipt of the initial pleading, but after earlier-served defendants have let their respective thirty day periods run without incident. . . . In such a situation, courts have been consentient in holding that, even if the movant secures the acquiescence of the earlier-served defendants in the removal initiative, the petition must, upon timely objection by the plaintiff, be denied.

The reasoning of these courts is impeccable. The right to remove is of finite duration; if not activated promptly, it self-destructs. Once Humpty-Dumpty has toppled from the wall, he cannot be put back together again. Failure of a defendant to embark upon removal within the statutorily allotted time causes the right to perish. Such neglect cannot be cured retroactively by joining a subsequently-served defendant's removal pavane. The first defendant having irretrievably lost the facility to effectively remove, it has likewise lost the facility effectively to consent to any other defendant's attempt to remove the action. That being so, and all defendants being required to join in a proper removal petition in a diversity case, the first-served defendant's debarment vitiates the (timely) application of the later-served defendant.

Gorman v. Abbott Laboratories, 629 F. Supp. 1196, 1201 (D.R.I. 1986) (emphasis supplied) (citations omitted). See also Hill v. Phillips, Barratt, Kaiser Eng'g Ltd., 586 F. Supp. 944 (D. Me. 1984) (prior to his elevation to the circuit court of appeals, then Chief District Court Judge Cyr concluded that once a

defendant failed to file a removal petition within 30 days of service, it no longer had the capacity to consent to a later-served defendant's removal efforts).  Applying the reasoning of Judges Selya and Cyr, this court previously adopted the rule of unanimity.  <u>See</u> <u>Sager v. Wante</u>, No. 95-524-M (D.N.H. Nov. 30, 1995) (McAuliffe, J.).

Recently, however, some courts have begun to rethink the issue and embrace the so-called "fairness approach," which affords every defendant 30 days within which to exercise its right to remove, and allows the remaining defendants to consent to that removal, even if their own right to remove has lapsed.  <u>See, e.g.</u>, <u>Garside</u>, 702 F. Supp. at 22 (D. Mass. 1988) ("a subsequently served defendant has thirty days to seek removal, even though its co-defendants may be time-barred from doing so.").  <u>See generally</u> 16 James Wm. Moore et al., <u>Moore's Federal Practice</u> § 107.30[3][a] at 107-162 (3d ed. 2000) ("There appears to be a trend away from the 'unanimity rule.'  More courts are finding that requiring defendants who are served near the end of the 30-day period to join in the notice is unfair.").

Unfortunately, the governing statute - 42 U.S.C. § 1446 - is vague and inartfully drafted.  Ambiguity has directly lead to the ongoing confusion over whether a defendant, whose time to remove has lapsed, may, nonetheless, consent to a later-served defendant's removal.

While both potential resolutions have their own logical and equitable appeal, both also suffer from important shortcomings.  The "unanimity rule" promotes prompt and efficient determination of the removal option.  It's application, however, might well deprive a particular defendant of <u>any</u> opportunity (depending on the timing of service) to persuade the other defendants that removal is desirable.  Of course, in defense of the unanimity rule, one might assert that, having elected not to exercise their right to remove a case in a timely manner, the earlier-served defendants expressed their opposition to removal and a desire to remain in state court.  Consequently, a later-served defendant is unlikely to experience any "prejudice" from its inability to remove the case, since the earlier-served defendants already considered, and rejected, the notion of removal.  So, even if the later-served defendant had sought their timely assent to removal,

7

that consent likely would not have been forthcoming.  Cases in which those very same defendants later consented to removal must, it would seem, be explained by the fact that either the later-served defendant was persuasive or, perhaps, the state proceedings had not progressed in a manner favorable to the earlier-served defendants, inducing a tardy but welcome change of forum.[1]

The "fairness" approach, on the other hand, affords each defendant, regardless of when it was served, a full 30 days within which to obtain the consent of all other defendants to removal.  That approach not only preserves each defendant's option to remove, but also is attractive in that it necessarily draws a meaningful distinction between a defendant's own option to remove, and its ability to consent to another defendant's desire to remove.  But, applying the "fairness" rule might lead to removal of cases that have already been substantially litigated in state court, resulting in a complete waste of legal

---

[1]    Interestingly, defendants who are served after a case has already been removed have the right, by statute, to move to remand the case back to state court.  28 U.S.C. § 1448.  Thus, a defendant who prefers state court, but who is served late in the proceedings, is protected in that it retains the right to successfully "object" to or preclude removal.

and judicial resources and, perhaps, prejudice to plaintiffs.
See, e.g., Garside, 702 F. Supp. at 21-22 (allowing removal more
than four years after case was originally filed in state court).
As one legal commentator observed:

> Despite the attractiveness of this "fairness" approach,
> the majority view is supported by two considerations.
> First, the removal statutes are strictly construed
> against removal.  Second, the purpose of the time
> limits in Section 1446 [is] to ensure that the question
> of where the case will be litigated be put to rest as
> soon as possible.

16 James Wm. Moore et al., Moore's Federal Practice §
107.30[3][a] at 107-162.


To date, neither the Supreme Court nor the Court of Appeals
for the First Circuit has addressed the issue.  But, as noted
above, this court is obliged to construe section 1446 strictly,
resolving any ambiguity against removal.  See, e.g., Shamrock Oil
& Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941).  See also
U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 396-97 (3d
Cir. 2002) ("the removal statute should be strictly construed
against removal and . . . if there is any doubt as to the
propriety of a removal, a case should not be removed to federal

9

court."); <u>Rossello-Gonzalez v. Calderon-Serra</u>, 398 F.3d 1, 11 (1st Cir. 2004) (same).

Although it is not outcome determinative, it is worth noting that the majority of judges within this circuit who have decided the issue have embraced the "unanimity rule." One of those judges is currently an active, and the other a senior, circuit judge. This judge also adopted the unanimity rule construction of section 1446. <u>See</u> <u>Sager v. Wante</u>, <u>supra</u>. Having reconsidered that matter, I am persuaded to apply that construction in this case as well. <u>See</u> <u>Karpowicz</u>, 1996 WL 528372 at *7 ("In view of the thorough and thoughtful analysis of two judges who are now members of the Court of Appeals for the First Circuit, which this court expects their present colleagues would find persuasive, this court concludes that the removal of this case was invalid and remand is required."). While the court is aware of the Supreme Court's opinion in <u>Murphy Bros. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344 (1999) (holding that the thirty day period within which to remove is triggered by either service of a summons upon the defendant, or the defendant's receipt of a copy of the complaint, whichever is later), I am not persuaded that it

10

compels the conclusion, or even intends to suggest, that a defendant may properly consent to removal after it has failed to timely remove in its own right.

## Conclusion

Having failed to exercise their right to seek removal of this action in a timely fashion, the First-Served Defendants "irretrievably lost the right to remove." Gorman, 629 F. Supp. at 1201. They also lost the "facility effectively to consent to any other defendant's attempt to remove the action." Id. Consequently, they are powerless to join in or consent to the petition for removal filed by defendant Norehad. And, absent consent of all defendants, the action may not be removed to this court.

Accordingly, plaintiff's motion to remand (document no. 9) is granted and this action is hereby remanded to the New Hampshire Superior Court (Rockingham County).

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

April 6, 2005

cc:  Jamie N. Hage, Esq.
     Arnold Rosenblatt, Esq.
     Stephanie A. Bray, Esq.
     Jennifer Rood, Esq.

12